# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE.

FRANK S. BIGELOW and another,

*vs.*

LEVI R. BIGELOW, and others.

Somerset.    Opinion January 31, 1901.

*Contracts.    Consideration.    Gift.    Stat. of Frauds.*

In order to constitute a valuable consideration for a promise, neither the bene-
fit to the promisor nor the detriment to the promisee need be actual. It
would be a detriment to the promisee, in a legal sense, if he, at the request of
the promisor and upon the strength of his promise, performed any act which
occasioned him the slightest trouble or inconvenience, and which he was not
obliged to perform.

*Held;* that if a contract existed between the mortgagor and mortgagee, made
before the mortgage was given, as claimed, whereby the latter promised to
convey a farm to the former upon the performance of certain acts by the
mortgagor, the performance by him of these acts which constituted a con-
sideration for the contract followed by his going into possession of the pro-
perty with the knowledge and consent of the owner, and making expenditures
thereon, although not sufficient to entitle him to a conveyance, if the promise
was merely a voluntary one to make a gift, under the circumstances of the
case, would be sufficient to take the case out of the operation of the statute
of frauds, and to authorize a court of equity, in the exercise of its sound dis-
cretion, to decree a specific performance of the contract to convey.

*Held;* that if this was the true state of facts, the mortgage under which the
plaintiffs claim was without consideration, and the plaintiffs would not be
entitled to either a common law or conditional judgment.

At the trial, the court, following the former decision, ordered a verdict for the plaintiffs, thus taking the question of fact involved from the jury. *Held;* that this was erroneous.

See *Bigelow* v. *Bigelow,* 93 Maine, 439.

On exceptions by defendant.    Exceptions sustained.

After all the evidence had been introduced at the second trial of this case, (see first trial 93 Maine, 439), the presiding justice ruled, as a matter of law, that the facts testified to and the evidence introduced on the part of the defendants would constitute no defense to the note and mortgage in suit, and directed the jury to return a verdict for the plaintiffs, to which ruling the defendants . seasonably excepted.

The defendants also requested the following instructions:    That if ·the jury find the facts to be, as claimed by the defendants, that Levi R. Bigelow abandoned his employment in the Lockwood mills, where he was receiving wages, and moved his residence from Waterville to Smithfield,—all at the request of John Harlow Bigelow, and in consideration of the promise by the latter that if Levi would do these several acts,—he (Harlow) would buy and deed to him (Levi) the farm in dispute, such acts would constitute a legal consideration for such promise, and if the minds of the two parties thus met, it would constitute an oral contract for the deed of the farm.

This instruction the court declined to give, remarking that the subject matter thereof was already covered.          .

To this refusal of the court to give the instruction requested the defendants seasonably excepted.

The verdict of the jury was for the plaintiff as instructed by the court.

*E. F. Danforth and S. W. Gould,* for plaintiffs.

Possession alone is not sufficient to take the case out of the statute of frauds.    *Green* v. *Jones,* 76 Maine, 563.

In order to entitle Levi to a deed and compel Harlow to convey, the former would not only be obliged to show that he had made some substantial and permanent improvements on the premises, but that they were made in pursuance of an agreement, and be obliga-

tory, and of such a nature that his failure to receive the deed would cause injury or loss on his part, to such an extent as to be a fraud upon Levi.

The contract must be proved as it has been laid, and the possession and other acts of performance must pursue and substantiate the contract proved. 3 Md. 480; 33 N. H. 32; *Thynne* v. *Glengall*, 2 H. L. Cas. 158; *Phillips* v. *Thompson*, 1 Johns. Chan. 131, 149; *Anthony* v. *Leftwich*, 3 Randolph, 238, 247, 277; *Moore* v. *Small*, 7 Harris, 461; *Cox* v. *Cox*, 2 Casey, 375; 3 Penna. 332; 4 Md. 36; *Haynes* v. *Walker*, 2 Jones, 173; *Colson* v. *Thompson*, 2 Wheat. 336, 341; *Woodbury* v. *Gardner*, 77 Maine, 71; White & Tudor's Lead. Cas. in Equity (3d. Am. Ed.) p. 722; *Tilton* v. *Tilton*, 9 N. H. 386, 390; *McKee* v. *Phillips*, 9 Watts, 85, 86; *Crane* v. *Gough*, 4 Md. 316; *Hawkins* v. *Hunt*, 14 Ill. 42; *Parkhurst* v. *Van Cortland*, 1 Johns. Chan. 274, 284; *Pinkard* v. *Pinkard*, 23 Ala. 649; *Eckert* v. *Eckert*, 3 Penn. 332; *Eckert* v. *Mace*, Ib. 364, note; *Wack* v. *Sorber*, 2 Wharton, 387. ·

*O. D. Baker*, for defendants.

The consideration stipulated for was an actual detriment to the defendant. There were three considerations: (1) Surrender of situation in the mill; (2) change of permanent residence; (3) stocking the farm, etc.

Actual benefit or detriment not the true test. *Ballard* v. *Burton*, 64 Vt. 387, pp. 393-4; *Talbot* v. *Stemmer*, 89 Ky. 222, (25 Am. St. Rep). 531; *Hamer* v. *Sidway*, 124 N. Y. 538; 6 Eng. Ruling Cases, 22-3.

True statement of principle: Any act done by the promisee, which he is not under any legal obligation to do, and which he does at the request of the promisor, constitutes in law both a legal detriment to the promisee and a legal benefit to the promisor. *Pillans* v. *Van Mierop*, 3 Burr. 1761; Leake, Cont. 324; 1 Chitty Cont. 28, 31, 32; *Sturlyn* v. *Albany*, 1 Cro. Eliz. 67; 1 H. Bl. 312; *Laythoarp* v. *Bryant*, 3 Scott, 238, 250, S. C. 2 Bing. N. C. 735; 8 Selwyn N. P. 47 (Assumpsit); 2 Wm's Saunders, 137.

Any trouble, risk or inconvenience to the plaintiff, however trifling, is a sufficient consideration. 6 Am. & Eng. Encyl. (2nd,

Ed.) 722, 737, 741, and cases.  Illustrations: *Earle* v. *Angell*, 157 Mass. 294; *Dunham* v. *St. Croix Soap Co.*, 33 Can. L. J. 444; *Bretton* v. *Prettimon*, Sir T. Raymond, 153; *Brook* v. *Ball*, 18 Johns. 337; *Amie* v. *Andrew*, 1 Modern, 166; *Wolford* v. *Powers*, 85 Ind. 294, (S. C. 44 Am. Rep. 16); *Diffenderfer* v. *Scott*, 5 Ind. App. 243; *Eaton* v. *Libbey*, 165 Mass. 218; *Babcock* v. *Chase*, 92 Hun, 264; *Adams* v. *Honness*, 62 Barb. 326, and cases; *Peck* v. *Requa*, 13 Gray, 408; *Richardson* v. *Mellish*, 2 Bing. 229; *Worrell* v. *1st. Presb. Church*, 23 N. J. Eq. 96; *Perry* v. *Buckman*, 33 Vt. 7; *Bainbridge* v. *Firmstone*, 8 Ad. & El. 743, 35 E. C. L. 513; *N. E. Marine Ins. Co.* v. *De Wolf*, 8 Pick. 56; *Blodgett* v. *Skinner*, 15 Vt. 716; *Devecmon* v. *Shaw*, 69 Md. 199, (9 Am. St. Rep. 422); *Talbot* v. *Stemmons*, 89 Ky. 222, (25 Am. St. Rep.) 531, 5 L. R. A. 856; *Hamer* v. *Sidway*, 124 N. Y. 538; 21 Am. St. Rep. 693, L. R. A. 463; *Coles* v. *Pilkington*, L. R. 19 Eq. 174; *Rowton* v. *Rowton*, 1 Hen. & Mun. (Va.) 1805; *Lorentz* v. *Lorentz*, 14 W. Va. 775; *Lobdell* v. *Lobdell*, 36 N. Y. 327; *Hunter* v. *Mills*, 29 So. Car. (1888) 6 S. E. Rep. 907.

Statute of Frauds: Pom. Specif. Performance, §§ 96, 101, 104, 107, and cases cited, 108, 114 and cases cited, 115 and cases cited, 130, 134.  1 White & Tudor, L. C. E. pp. 1045–8.  Counsel also cited: *Green* v. *Jones*, 76 Maine, 567; *Lindsay* v. *Lynch*, 2 Sch. & Le F. 1; *Pike* v. *Morey*, 32 Vt. 37; *Stark* v. *Wilder*, 36 Ib. 755; *Holmes* v. *Caden*, 57 Vt. 113; *Eaton* v. *Whitaker*, 18 Conn. 229, 230; *Kidder* v. *Barr*, 35 N. H. 255; *Brown* v. *Drew*, 67 N. H. 569; 3 Pomeroy's Equity, § 1409, note 2; *Coggswell* v. *Coggswell*, 40 Atl. Rep. 213, (N. J. Ch. 1898); *Jamison* v. *Dimock*, 95 Pa. St. 52, p. 54; *Coles* v. *Pilkington*, L. R. 19 Eq. 174; *Ungley* v. *Ungley*, L. R. 5 Ch. Div. 887; *Pain* v. *Coombs*, 1 DeG. & J. 32, 1857; *Lacon* v. *Mertins*, 3 Atkyns, 4; 1 Ves. Jr. 312; *Savage* v. *Carol*, 1 Ball & B. 551; *Gunter* v. *Halsey*, Ambler, 586; *Wilson* v. *R. R. Co.*, 2 DeG. & J. & S., 475; *Butcher* v. *Stapely*, 1 Vernon, 363; *Shillibeer* v. *Jarvis*, 8 DeG. McN. & G. 79; *Morphett* v. *Jones*, 1 Swanston, 181, 182; *Felton* v. *Smith*, 84 Ind. 485, 1882; *Pleasanton* v. *Raughley*, 3 Del. Ch. 124, 1867; *Fitzsimmons* v. *Allen's Admr.*, 39 Ill. 440, 1866; *Shirley* v. *Spencer*, 4

Gilman, (Ill.) 583, 1847; *Dugan* v. *Gittings,* 3 Gill, (Md. 138), 1845; *Bechtel* v. *Cone,* 52 Md. 698, 1879; *Tibbs* v. *Barker,* 1 Blackf. (Ind.) 58, 1820.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WISWELL, C. J. This is a real action. The plaintiffs rely upon a mortgage given by Levi R. Bigelow, one of the defendants, and under whom the other defendants claim, to John Harlow Bigelow, dated April 27, 1889, acknowledged and recorded, and duly assigned to the plaintiffs. The defense is that the mortgage was without consideration, that the indebtedness which the mortgage purported to secure, never in fact existed. The title to the property was at one time in John Harlow Bigelow, who conveyed it to the defendant, Levi R. Bigelow, and took back from him the mortgage in question. But the claim of the defendants is that this conveyance was in pursuance of a valid and enforceable contract made between John Harlow and Levi R., wherein the former, for a valuable consideration, had agreed to convey the premises to the latter.

After the first trial, which resulted in a verdict for the defendants, the plaintiffs brought the case to the law court upon a motion for a new trial. In the decision of the case at that time, (93 Me. 439) the court inadvertently failed to apply to a state of facts, which, it was said, the jury might have been authorized in finding, principles of law that are quite elementary. The contention of the defendants at that time, quite fully stated in the former opinion, was briefly this: In June, 1888, while Levi R. was employed in a cotton mill in Waterville, two of his sons, being temporarily in Skowhegan met John Harlow Bigelow, an uncle of their father, and had a conversation with him, during which, the latter, after inquiring about their father's health and learning that it was rather poor, sent word by the sons to him that if he would leave his employment in the mill and move onto a particular farm in the vicinity of Skowhegan, he, John, would purchase the farm and make a present of it to Levi; that this message was conveyed to

the latter, who, before acting upon it sent two of his sons back to Skowhegan to make sure there was no misunderstanding; that after receiving assurance that the promise would be carried out, Levi, in pursuance of this request and relying upon the promise, did leave his employment in the mill and move to the farm. When, some months later, the conveyance was made by John to Levi, the latter at the request of the former went to an office in Skowhegan and executed the note and mortgage which had been drafted and left there for this purpose. This is the mortgage in question.

In the former opinion, the court said, that, although these facts were stoutly denied by the plaintiffs, and although the subsequent conduct of the parties to the alleged contract was such as to lead to the belief that they did not consider that a contract had been made between them, and that the conversation between John and the sons of Levi amounted merely to a suggestion, and not a request and promise, that a jury might have been authorized in finding these facts as claimed by the defendants. It was then said in the opinion that this would not constitute a contract, even if the facts were as claimed by the defendants, that a consideration for the alleged promise of John was lacking, that there was neither a benefit to the promisor nor a detriment to the promisee.

But the court neglected to go further and say that neither the benefit to the one nor the detriment to the other need be actual; that it would be a detriment to the promisee, in a legal sense, if he, at the request of the promisor and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience, and which he was not obliged to perform. That is, if it is true that the defendant, Levi, did, at the request of his uncle, and relying upon the promise of the latter, give up his former home, and his employment in the mill, and move to the farm, then these acts of the defendant, Levi, performed in compliance with the request and in reliance upon the promise, would constitute a valuable consideration for such promise.

This principle is so universally recognized that the citation of authorities in its support is unnecessary. And the failure to allude to this doctrine in the former opinion was because of the fact that

the court, although it said that the jury might have been authorized in finding the facts as claimed by the defendants, expressed a contrary belief as to these facts. The failure to apply this doctrine led to a result inconsistent with the statement that the finding of facts by the jury might have been authorized.

If, prior to the conveyance from John to Levi, the latter was the equitable owner of the farm and entitled to a conveyance thereof, so that he could have maintained a bill for specific performance of the alleged contract, then the defendants' theory that the mortgage was without consideration, is correct. Whether, at that time, he was such an equitable owner, depends upon the determination of these two questions: first, did John promise, for a valuable consideration, to make a conveyance of this farm to Levi? This is a question of fact to be determined by the jury. Next, was the contract, if one was made, in view of the subsequent performance by Levi, one that should be enforced in equity? If a contract existed, we think that the performance upon the part of Levi of the acts which constituted the consideration for that contract, followed by his going into possession of the property with the knowledge and consent of the person holding the legal title, and making expenditures thereon, although not sufficient to entitle him to a conveyance if the promise was merely a voluntary one to make a gift, would be sufficient to take the case out of the operation of the statute of frauds, and to authorize a court of equity, in the exercise of its sound discretion, to decree specific performance of the contract to convey. *Green* v. *Jones*, 76 Maine, 563; *Woodbury* v. *Gardner*, 77 Maine, 68.

At the last trial, the case was submitted upon the printed record of the testimony taken out at the first trial. Thereupon counsel for defendants requested the court to give an instruction to the effect, that, if the jury should find the facts as claimed by the defendants in relation to the acts performed by Levi, at the request and in reliance upon the promise of John, such acts would constitute a legal consideration for the alleged promise of the latter, and that if the minds of the two parties thus met, it would constitute an oral contract for the conveyance of the farm. The presiding

justice, following the former opinion of the court in this case, declined to give the requested instruction, and ordered a verdict for the plaintiffs, thus taking from the jury the question of fact involved.

We have already seen that that decision was incorrect in this respect, the rulings at nisi prius were consequently erroneous.

*Exceptions sustained.*