SARAH CALKINS *vs.* ROSAN PIERCE.

Aroostook.    Opinion December 17, 1914.

*Agreement.    Deed.    Exceptions.    Life Lease.    Real Action.    Revised Statutes, Chap. 106, Sec. 5.    Seal.    Tendency from Year to Year.*

The plaintiff and defendant executed a written agreement, not under seal in substance that the plaintiff leased to defendant her homestead farm in Caribou, called by plaintiff a life lease; that the defendant was to support plaintiff as long as she lived, and to live and stay with her as long as she lived, at her home and pay the taxes, for the rent of said farm.

*Held:*

1.   It is the law that a tenancy which operates as an estate for life, being a free-hold, can only be passed by deed, that is, by writing under seal.

2.   It does not follow that such a writing is invalid to create any estate, or right of possession of the property described, in the defendant.

3.   The plaintiff has the legal title to the life estate in the land, but to maintain this action she must be entitled to possession as well. One may retain his title to real estate while debarring himself from the right of entering into possession.

4.   Before the plaintiff can repudiate her agreement, or avoid it, as between her and the defendant, she must prove that the defendant has failed or refuses to perform her part of the contract, for the plaintiff is precluded by her own written agreement from asserting that the defendant disseized her or refuses to turn over the premises to her.

5.   The defendant being in possession of the premises with the consent of the plaintiff and by virtue of a contract which binds her to render valuable services

to the plaintiff, the plaintiff cannot be permitted to avoid the contract which she entered into confessedly lawful and not repudiated by the defendant.

6. There being nothing illegal in the terms of the contract, the Court will not aid one party to violate it, when it has been performed or is being performed by the other party.

On exceptions by defendant.    Exceptions sustained.

This is a real action to recover possession of a lot of land situate in Caribou, in the County of Aroostook.   Defendant plead general issue, and by brief statement disclaimed any right and title to land outside of that formerly known as the "James Calkins Homestead," and the house on said farm.   At the February term, 1914, the case was referred to the Court on an agreed statement of facts, with right of exceptions.   The Court ordered judgment for the plaintiff and the defendant excepted to said order.

The case is stated in the opinion.

*Wm. P. Allen, and Powers & Guild,* for plaintiff.
*A. B. Donworth, and Shaw, Burleigh & Shaw,* for defendant.

SITTING:   CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.   This is a real action brought to recover the possession of a lot of land situated in Caribou, County of Aroostook, and was heard at the February term, 1914, by the Court without a jury on an agreed statement of facts, with the right of exception.

The material facts of the agreed statement are, that the plaintiff was devised for her life by the will of her husband, proved and allowed in the Probate Court on the third Tuesday of December, 1895, the lot of land demanded and described in the writ; that on May 4th, 1909, the plaintiff and the defendant entered into the following agreement:

"Caribou, Aroostook County, Me.

May 4, 1909.

I, Sarah Calkins, this 4th day of May 1909 do lease to Rosean Pierce my homestead farm in the town of Caribou, this being a life lease, and said Rosean Pierce, is to support me Sarah Calkins as long as I live and said Sarah Calkins is to live and stay with me as long as she lives.   I am to clothe and support the same at my home

for the rent of her farm. I Rosean Pierce am to pay all taxes on said farm and if I should die before this lease expires, this lease is void. The house on this said farm is not included in this lease."

Within a week of the date of said agreement the defendant, Rosean Pierce, went into possession of the premises described in said writing, which are the premises demanded in the writ, and has remained in possession ever since.

The parties agreed that the only contested point was the construction of the lease or writing above mentioned, submitted by the defendant under the above state of facts.

The Court filed the following ruling:

"I think the writing relied upon by the defendant, if it had been sealed, would have operated to create a tenancy for life. A tenancy which operates as an estate for life, being a freehold, can only pass by deed, that is, by writing under seal. It follows that the writing referred to is invalid to create any estate or right of possession in the Defendant, Rosean Pierce" and ordered judgment for the plaintiff, to which the defendant excepted, and the case is before this Court upon her exceptions. The ruling of the Court that "A tenancy which operates as an estate for life, being a freehold, can only be passed by deed, that is, by writing under seal," is undoubtedly the law. But it does not follow that the writing referred to is invalid to create any estate or right of possession of the property described, in the defendant, for, as said by the Court in *Hurd* v. *Chase*, 100 Maine, 561, "it may be conceded that the plaintiff has the legal title to the life estate in the land, but to maintain this action (ignoring technicalities in pleading) she must be entitled to possession as well. R. S., Chap. 106, Sec. 5. One may retain his title to real estate while debarring himself from right of entering into possession."

The plaintiff relies upon Sec. 35 of Taylor on Landlord and Tenant, which, after stating that a life estate can only be created by deed, reads: "An agreement, not under seal, that a lessor shall not turn out a tenant so long as he paid rent, has been held invalid; because the tenancy created by it would not be determinable so long as the tenant complied with the terms of his agreement, and would, therefore, operate as an estate for life, which, being a freehold, can only pass by deed."

The authority for the text is *Doe* v. *Browne*, 8 East.; 165. An examination of the case shows that it does not support the text to

the extent claimed by the plaintiff. It was an action to recover possession of a messuage that the defendant was in possession of under an agreement not under seal, whereby the defendant was to have possession of certain premises for a certain rent, payable quarterly, which contained the following clause: "That W. Warner shall not raise the rent nor turn out J. Brown so long as the rent is duly paid quarterly, and he does not expose for sale or sell any article that may be injurious by W. Warner in his business." It was not claimed the tenant had broken any of the conditions, but the plaintiff rested his case on proving half a year's notice to the defendant to quit on the 25th day of March, and the question was whether the lessor had a right to determine the tenancy on such notice, considering the defendant as tenant only from year to year.

At the trial Lord Ellenborough, C. J., held the notice to be good, and a verdict was accordingly taken for the plaintiff with leave to the defendant to move to enter a nonsuit; a rule having been obtained for that purpose, upon the ground that the agreement operated as a lease for so long as the tenants pleased and he complied with the conditions. The case was argued in the King's Bench, and Lord Ellenborough stated, "that either his estate might enure for life, at his option; and then, according to Lord Coke, such an estate would, in legal contemplation, be an estate for life; which could not be created by parol; or; if not for life, being for no assignable period, it must operate as a tenancy from year to year; in which case it would be inconsistent with, and repugnant to the nature of such an estate, that it should not be determinable at the pleasure of either party giving regular notice." Lawrence, J., said: "If this interest be not determinable so long as the tenant complies with the terms of the agreement, it would operate as an estate for life; which can only be created by deed, as a feoffment, or a conveyance to uses. The notion of a tenancy from year to year, the lessor binding himself not to give notice to quit, which was once thrown out by Lord Mansfield has been long exploded." The only point that case decided was that an estate for life can only be created by deed or will, and that the writing did not create a life estate, but did create an interest in the land; viz., a tenancy from year to year.

*Green* v. *Proctor,* 4 Burrows, 2208, was the case in which it was stated that the notion was advanced by Lord Mansfield of a tenancy from year to year, the lessor binding himself not to give notice to

quit. The case was tried before Lord Mansfield, and a verdict for the plaintiff was taken. The case was then taken to the King's Bench, and at the trial, Lord Mansfield stopped the argument for the defendants, saying, "At the trial I had no doubt upon the construction of the articles, and none of us have any doubt now, . . . the plaintiff cannot recover against his own covenant." Justice Yates said: "Even as a license to inhabit, it amounts to a lease," and it was the unanimous opinion of the Court that a nonsuit should be entered. The case shows, not the notion of Lord Mansfield of a tenancy from year to year, the lessor binding himself not to give notice to quit, being valid between the parties, but the unanimous opinion of King's Bench that that was the law.

The same principle was enforced in *Kelliher* v. *Fogg*, 108 Maine, 181, where the defendant was in possession of a store under a contract, not under seal, whereby he and his brother were to pay rent at the rate of twenty dollars per month during the winter and until the beginning of spring, and after that period to pay twenty-five dollars per month, and also, "that they are to have the use and occupation of said store as long as they want it." The defendant claimed he was occupying as lessor, under a written lease, with an option upon his part to hold a life estate. The plaintiff contended it was a tenancy at will, and after defendant had been in possession several years gave notice to terminate the tenancy. The Court held the plaintiff bound by his agreement, upon the authority of *Sweetsir* v. *McKenney*, 65 Maine, 225. From a hasty reading of the case it might seem that the Court decided that a life estate could be created by an instrument not under seal, but a careful reading shows that it was not so intended, but that it was intended to be an affirmance of the doctrine of *Sweetsir* v. *McKenney*.

The agreement did not convey a life estate, yet there is no pretense that it was not executed knowingly and understandingly by both parties. No fraud is claimed, and relying upon the agreement the defendant entered into possession of the premises. It is not claimed that the defendant has failed to perform her part of the agreement. In *Sweetsir* v. *McKenney*, supra, the Court, in discussing the same claim advanced by the plaintiff in this case said: "We think that in any view which could be taken, these plaintiffs are estopped by their agreements, from maintaining this process to oust the defendant from the possession that they gave him, so long

as he lives up to that agreement and desires to remain." Approved in *Willoughby* v. *Atkinson Co.*, 93 Maine, 189. Although the agreement did not convey a life estate, yet it was a valid agreement between the parties, and conveyed to the defendant an interest in the land, viz., the right of possession. It is not necessary, under our statute, that a lease of land be under seal. R. S., Chap. 75, Sec. 13; Chap. 96, Sec. 10, and the plaintiff, before she can repudiate it, or avoid it, as between her and the defendant, must prove that the defendant has failed, or refuses to perform her part of the contract, for the plaintiff is precluded, by her own written agreement, from asserting that the defendant disseized her, or refuses to turn over the premises to her, for the defendant is in possession of the premises with the consent of the plaintiff, and in possession by virtue of a contract which binds her to render valuable services to the plaintiff, and the plaintiff cannot be permitted to avoid the contract which she entered into, confessedly lawful and not repudiated by the defendant. There being nothing illegal in its terms, the Court will not aid one party to violate it when it has been performed, or is being performed, by the other. *Sweetsir* v. *McKenney*, supra, *Kelliher* v. *Fogg*, supra.

*Exceptions sustained.*