CONGREGATION BETH ABRAHAM *vs.* PEOPLE'S SAVINGS BANK.

Androscoggin.    Opinion April 7, 1921.

*Every contract not under seal requires a consideration to support it, that is, some benefit to the promisor or some loss or detriment to the promisee, otherwise a contract is nudum pactum.*

Action to recover damages for breach of contract. Whether the contract was made, as alleged, is a matter of fact for the jury to determine, and that question has been decided in favor of the plaintiff. Whether the contract is a valid and binding one is a question of law for this court to determine.

*Held:*

1.   Every contract not under seal requires a consideration to support it, that is, some benefit to the promisor or some loss or detriment to the promisor.

2.   Where the defendant already held a mortgage on plaintiff's real estate in which the latter had agreed to keep the premises insured against loss by fire in a sum equal to the mortgage debt, there existed an obligation which the plaintiff could be compelled to perform or suffer from its non-performance. A promise made by the bank to assign to the plaintiff certain policies of insurance which it held on the same premises was one which would be neither benefit to the promisor, nor loss nor detriment to the promisee. Such a contract would be nudum pactum for failure of consideration.

On motion by defendant. This is an action to recover damages for breach of contract. On October 30, 1917, the defendant conveyed by deed to the plaintiff certain real estate in Auburn for the

sum of $13,000.00, the plaintiff paying down $3,000 of the purchase price in cash and gave a mortgage and note to the defendant bank for $10,000.00. One of the conditions of the mortgage was that the plaintiff should keep the buildings insured against loss by fire in a sum not less than $10,000.00.

At the time of the conveyance the bank held two policies on the buildings amounting to $5,000.00. After the delivery of the deed and mortgage plaintiff alleges that the treasurer of the defendant bank told the representatives of plaintiff that if plaintiff would put $5,000.00 insurance on the buildings, it, the bank, would assign the two policies which it held amounting to $5,000.00, to plaintiff. Defendant denies this, which constitutes the contention which resulted in this action. A verdict was rendered for plaintiff and defendant filed a motion for a new trial. Motion sustained. New trial granted.

The case is fully stated in the opinion.

*McGillicuddy & Morey*, and *Dana* S. *Williams*, for plaintiff.

*William H. Newell*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, JJ.

PHILBROOK, J. The plaintiff alleges that it is a duly organized religious, eleemosynary corporation or, as its principal witness said, it is a church or synagogue of the Jewish people. The defendant, as its title indicates, is a duly organized Savings Bank. Both corporations are located at Auburn in this State.

To state the case as briefly as possible and at the same time clearly declare the claims of the parties, we will say:

That on the second day of October, A. D. 1917, the defendant owned a certain piece of real estate situated in said Auburn which the plaintiff desired to buy; that negotiations were entered into by the proper officers of the two corporations and a purchase price of thirteen thousand dollars was agreed upon, payment to be made by three thousand dollars in cash and the balance by mortgage; that in accordance with these negotiations, the defendant executed a deed of the property on said second day of October and upon same day the plaintiff paid to the defendant the cash agreed upon and executed a mortgage upon the real estate running to the defendant; that in the mortgage, the plaintiff covenanted with the defendant to keep the buildings on the mortgaged property insured against loss or

damage in a sum not less than ten thousand dollars for the benefit of the defendant or its assigns in such insurance company or companies as the defendant should approve, until payment of the debt secured by the mortgage, and to deliver the policies for all such insurance to the defendant to be retained by it until the debt secured should be paid.

Thus far the parties do not disagree and the further statement of the case is intended to recite the contentions which resulted in this litigation. The plaintiff claims that after the deed and mortgage had been executed the subject of insurance was again referred to and that Mr. Wellman, defendant's treasurer, stated to the plaintiff's officers that the bank already held two policies of insurance on the property amounting to five thousand dollars and that if the plaintiff would obtain five thousand dollars insurance, the bank would assign its policies to the plaintiff and thus the aggregate insurance would amount to ten thousand dollars. The plaintiff says that acting upon this suggestion, its officers obtained insurance to the amount of six thousand dollars on the property and, although the policy does not so state, the plaintiff's officers declare that their intention was to have five thousand dollars on the real estate and one thousand dollars on the furnishings. Three months after the deed was given, viz., on January 31, 1918, the buildings were destroyed by fire. While the fire was in progress, the plaintiff's officers delivered the six thousand dollar policy to the defendant and later the full amount of this policy was collected by the bank and applied to the mortgage debt. The balance due on the mortgage was afterward paid and the mortgage was discharged. The plaintiff now brings this action alleging breach of contract on the part of the defendant because the defendant did not assign to the plaintiff the two policies of insurance above mentioned, amounting to five thousand dollars, and claims this latter sum as the measure of damages sustained by reason of this breach.

On the other hand, the defendant emphatically denies that Mr. Wellman ever made any such contract; declares that he had no authority in any event to make it; that if in fact the contract was made, it was without consideration and void; that the alleged contract, if any such ever existed, was not in writing, duly signed by the defendant or by some person thereto lawfully authorized; and invokes R. S., Chap. 114, Sec. 1 which provides that no action shall be maintained to charge any person upon any special promise

to answer for the debt or default of another unless the promise, contract, or agreement, on which such action is brought, or some memoranda or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto lawfully authorized.

A jury trial resulted in a verdict for the plaintiff in which the damages were assessed in the sum of $5,237.50. The defendant brings the case before us upon motion that the verdict be set aside and a new trial granted. Whether or not the contract was made as alleged by the plaintiff, is a question of fact upon which the jury has found in favor of the plaintiff. Whether the contract, if so made, is a legal and binding contract, under the evidence in the case, is a question of law which this court must determine independently of the finding of fact by the jury.

As we have already seen, the contract upon which the plaintiff relies, and for breach of which, it seeks damages, is a verbal contract. In support of the claim that the contract was made, its nature, and that it was based upon sufficient consideration, the plaintiff relies upon the testimony of two witnesses presented by itself, one its president and the other its temporary treasurer. The former testifies that when the mortgage and deed had both been delivered he asked Mr. Wellman about insurance and that Mr. Wellman said in reply; "We have got five thousand dollars which we are going to transfer it to you and you put on five thousand dollars and it will be satisfactory to us." The latter says that Mr. Wellman, on being asked, "What about the insurance?" replied, using the words of the witness as it appears in the record, "And Mr. Wellman says he answered him that he has got five thousand dollars on it and if he will go out and get five thousand dollars more he will transfer to us." The plaintiff claims that, relying upon this conversation with Mr. Wellman, it obtained six thousand dollars insurance as we have above described.

Not forgetting the denial of the defendant's officers that any such contract was made, but assuming, in the light of the verdict found by the jury, that it was made, the question still arises, did the defendant bank make any contract, based upon a legal consideration, which would make it liable for any breach of the same. This question turns upon the existence of a consideration. For it is common learning that every contract not under seal requires a consideration to support it, that is, some benefit to the promisor or some loss or detriment to

the promisee. *Fisher* v. *Bartlett,* 8 Maine, 122; 22 Am. Dec. 225. Applying this two-fold test we first inquire whether the promise made by the bank would result in benefit to itself. Plainly not. The bank already held a mortgage duly signed and sealed by the plaintiff in which the latter had agreed to keep the premises insured in an amount equal to the mortgage debt. It was an obligation which the plaintiff could be compelled to perform or suffer from its non-performance. The bank could obtain no benefit by assigning the insurance which it already had. That would be a benefit to the plaintiff promisee and not to the bank.

On the other hand, would the promise be a loss or detriment to the plaintiff promisee? Again we say, plainly not. It would not be a loss or detriment to it to have the bank assign the insurance policies but instead of being a loss or detriment to the promisee it would be for its benefit. The contract would be nudum pactum.

We do not deem it necessary to discuss the defense of statute of frauds, in view of what we have said regarding consideration of the alleged contract.

*Motion sustained.*
*New trial granted.*