Wilson, J.
This is an action of contract brought by trustee process. The defendant was defaulted and the plaintiff moved to charge the trustee on his answer. The trustee’s answer was as follows:
*470 “And.now the Colonial Theatre of Andover, Inc., a corporation summoned as trustee of the principal defendant in the above entitled action, appears by Samuel Besnick, its Treasurer, and leaves it to the court to determine whether at the time of the service of the plaintiff’s writ upon the said corporation it had or had not in its hands or possession, any goods, effects, or credits, of said defendant based on the following facts:
“Colonial Theatre of Andover, Inc. offers as a gift or gratuity twenty-five ($25.00) dollars each week to one whose name is selected out of a group participating in ‘Bank Night’ by writing their names and addresses on consecutively numbered lines. Registration is free and no person is required to purchase a ticket of admission before registering. On Monday of each week a drawing takes place to determine the person to whom the award shall be made. If the person whose name is selected appears in the theatre within a reasonable time, he is given the award. If the person is outside the theatre, he is permitted to claim the award without payment of an admission fee. If the said person does not appear within a reasonable time, the award is carried over and added to the amount of the award for the following week. The amount accumulates each drawing until a claimant appears.
“On Monday evening, August 10, 1936, the name drawn was William Fraize, the principal defendant. The name was announced inside and outside the theatre, and said Fraize being outside the theatre was permitted to claim the award without purchasing a ticket of admission. The award at this time was one hundred and fifty ($150.00) dollars.
“The Colonial Theatre of Andover, Inc. deposits each week twenty-five ($25.00) dollars at the Andover National Bank into a special fund in the name of ‘Colonial Theatre Banknight’ and on August 10, 1936, it had relieved itself by each weekly payment into the fund a total of one hundred and twenty-five ($125.00) dollars and had in its hands only twenty-five ($25.00) dollars which still remained undeposited. Of this the said Samuel Resnik, Treasurer, submits himself to examination upon his oath.”
*471 The trustee seasonably filed the. following request for ruling which the trial court refused:
“There was no consideration which would support a contract between the principal debtor (Fraize) and the trustee.”
The plaintiff also seasonably filed the following requests for rulings which the trial court allowed:
“4. That upon the pleading of the alleged trustee, there moved from the defendant to the alleged trustee a formal and technical, though nonvaluable, consideration which would be sufficient to support an action against the alleged trustee by the winner of the award, the defendant.
“5. That the ‘Bank Night’ award was not, from a legal standpoint, a ‘gift or gratuity’ upon the pleading of the alleged trustee, as there was formal and technical, though nonvaluable consideration which would be sufficient to support an action against the alleged trustee by the winner of the award, the defendant.”
The trial court charged the trustee upon its answer.
It was said in S. S. Pierce Co. v. Fiske, 237 Mass. 39, 40:
“To constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor in the trustee process and him who is sought to be charged as trustee.”
And money due under such contract must be due to the defendant absolutely and without any contingency. G. L. (Ter. Ed.) Ch. 246, §24.
In the instant case the request for ruling filed by the defendant which the trial court refused and also those filed by the plaintiff which the trial court gave [see Muto v. DesLauriers, Mass. Adv. Sh. (1936) 2435], present the question of whether the fund held by the alleged trustee was the result of an incomplete gift from the trustee to the principal defendant, or arose out of a contract between *472 them for which there was sufficient consideration. Consideration may consist either of benefit to the promisor or detriment to the promisee.
It was said in Cottage Street Church v. Kendall, 121 Mass. 528, 530:
“Where one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing, upon the faith of the promise, the promise . . . thereby becomes a complete contract, upon a consideration moving from the promisee to the promisor.”
And in Newhall v. Paige, 10 Gray 366, 368, the court said:
“The law does not undertake to determine the adequacy of a consideration. That is left to the parties, who are the sole judges of the benefits or advantages to be derived from their contracts. It is sufficient if the consideration be of some value, though slight, or of a nature which may enure to the benefit of the party making the promise.”
Again in Wit v. Commercial Hotel Co., 253 Mass. 564, 572, the court said:
“The detriment to the promisee need not be real. It means giving up something which he had a right to keep, or doing something which he had a right not to do. 1 Williston, Contracts, § 102. ... it would be a detriment to the promisee, in a legal sense, if he, at the request of the promisor and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience, and which he was not obliged to perform.” Bigelow v. Bigelow, 95 Maine 17, 22. Hamer v. Sidway, 124 N. Y. 538. “Any act done by the promisee at the request of the promisor ... is a sufficient consideration for a promise.”
To .entitle the principal defendant to participate in the award, he was obliged to present himself at the theatre *473 arid register in a book provided by tbe theatre and was required to be in or near the theatre when the award was made and present himself at the theatre and claim the award within a reasonable time after the announcement thereof. All of these things were done by the principal defendant pursuant to its offer. They could have been found to be a detriment to the principal defendant. It could also have been found that the theatre benefited or expected to benefit because of increased patronage induced by the weekly awards.
We are of opinion that the transaction was supported by sufficient consideration to make it a binding contract.
Whether the “Colonial Theatre Banknight”, as carried on by the alleged trustee, was a violation of G. L. (Ter. Ed.) Ch. 271, § 7, depends upon many circumstances surrounding the conduct thereof, particularly whether free participation therein was a full and complete reality. Such issues were questions of fact for the trial court. Commonwealth v. Wall, Mass. Adv. Sh. (1935) 1473, 1475, 1476.
But the illegality of the consideration was not raised by the pleadings nor was the attention of the trial court called to that issue. It was, however, argued orally before the Division.
Under such circumstances, the court said in Spencer v. Burakiewicz, 288 Mass. 83, 85:
“The defence of illegality was not pleaded by the defendants and is therefore not now open to them as of right. Raymond v. Phipps, 215 Mass. 559. Furthermore, it would appear that the question was not presented by the defendants at the trial in the District Court. At any rate there was no general request by the defendants for a ruling that the plaintiff was not entitled to recover and none of the requests for rulings there made by them has any reference to illegality of the contract . . . For that reason, as well, the defendants are not entitled to have that question eon *474 sidered on review. Reid v. Doherty, 273 Mass. 388. If the matter were properly before us on the report, the failure of the trial judge of his own accord to inject the defence of illegality could not have been held to be reversible error. Cardoze v. Swift, 113 Mass. 250. O’Brien v. Shea, 208 Mass. 528, 535. Whittingslow v. Thomas, 237 Mass. 103.”
From what has been said it seems clear the trial judge was right in allowing the trustee to be charged. T'he report is, therefore, dismissed.