ALPHONSE LAFLAMME

*vs.*

CLIFFORD HOFFMAN

Cumberland.   Opinion, March 17, 1953.

*Connolly & Cooper,*
*Clifford E. McGlauflin,* for plaintiff.

*Agger & Goffin,* for defendant.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ. THAXTER, J., did not sit.

MERRILL, J. On exceptions. This was a real action brought to recover a parcel of real estate situate in Portland in our County of Cumberland, of which the plaintiff claims the defendant had disseized him. The declaration in the action is in proper form and alleges that the plaintiff, within twenty years last past, was seized of the premises in question in fee simple. The writ was returnable to, and entered in the Superior Court in the County of Cumberland at the May 1952 Term thereof. At the June Term, by agreement of the parties, the case was referred under rule of court, with right of exceptions as to matters of law reserved. In vacation, and prior to the issuance of the rule, the defendant pleaded the general issue *null disseizin,* with the following brief statement:

"That there is a lease running to the plaintiff & his heirs, which is a valid & existing lease."

At the hearing before the referee the defendant sought to justify his possession of the premises (to which the plain-

tiff had *legal title*) under the instrument hereinafter set forth, together with the fact that he had been let into possession of the premises by the plaintiff and, as he claimed, had constructed a house thereon. The instrument just referred to is as follows:

## "MEMORANDUM OF AGREEMENT.

By and Between Alphonse Laflamme of Portland in the County of Cumberland and State of Maine and Clifford Hoffman of said Portland.

The said Alphonse Laflamme hereby agrees to give to the said Clifford Hoffman the right to use, occupy, build and maintain a home on land on Campbell Road in said Portland which was purchased by the said Laflamme of the Chas. F. Grant Estate on Jan. 19, 1949, consisting of fourteen (14) acres of land more or less. This agreement to hold during the natural life of the said Clifford Hoffman. In case of the death of the said Alphonse Laflamme proper provisions will be made in his will and testament for the continuance of this agreement.

In case of the death of the said Clifford Hoffman the said Alphonse Laflamme hereby agrees to make proper adjustment for any cash that the said Hoffman may have expended in connection with the property or he will continue right of possession to the heirs of the said Clifford Hoffman.

Dated at Portland this twenty fourth day of January A.D. 1949.

Signed in the presence of
PERLEY C. DRESSER

ALPHONSE LAFLAMME"

The referee found that after the defendant came into possession of the premises, which was at some time in the year 1949, the plaintiff and the defendant "proceeded to

erect a dwelling upon the demanded premises. The materials used cost some $6,000. Of that sum the defendant supplied several hundred dollars. Both plaintiff and defendant labored in the construction and the defendant contributed a large share of the work."

The referee held "The instrument clearly means that a life estate was by it given and that the life estate was 'to hold during the natural life' of the defendant." The referee further stated: "Whether it is a gift *in praesenti*, as we interpret and construe it, or whether it is only a promise to convey, the authorities deem it sufficient basis for equitable estoppel under the requisite circumstances." The referee made the further finding: "The possession of the demanded premises was given by the plaintiff to the defendant who had been induced by the plaintiff to leave an apartment previously occupied and to move with his wife and children to the locus in controversy. Possession was delivered by the plaintiff to the defendant in furtherance of the gift essayed. Permanent and valuable improvements which cannot be compensated in damages were made by the defendant upon the demanded premises. The defendant has changed his condition and circumstances by his reliance upon the purported gift of the plaintiff to the end that it is inequitable to remove him from possession of the demanded premises. 155 A.L.R. 73. The plaintiff is equitably estopped from demanding possession of the premises declared upon. *Calkins* v. *Pierce,* 112 Me. 474 at 478. The defendant did not plead equitable estoppel or estoppel *in pais* but such is not required. *Rangely* v. *Spring,* 28 Me. 143. The deed which is Plaintiff's Exhibit 1 discloses a price of $1,000 paid by the plaintiff for the land of the demanded premises." The referee reported in favor of the defendant. These findings by the referee are challenged by the objections and exceptions to acceptance of the report. It is upon these exceptions that the case is before us.

In this case the defendant seeks to justify his possession under a parol gift of a life estate in land, the legal title to which is in the plaintiff. A life estate being an estate in freehold cannot be transferred or created by parol. *Calkins* v. *Pierce,* 112 Me. 474, 476. A writing not under seal lies in parol. A written parol transfer of a freehold estate in land is as ineffective *to pass legal title* as an oral one. Under some circumstances parol transfers of land will be enforced in equity.

As a general rule, equity will not lend its aid to perfect a defective gift. *Brown* v. *Crafts,* 98 Me. 40, 47; *Savings Bank* v. *Merriam,* 88 Me. 146, 151; *Savings Institution* v. *Hathorn,* 88 Me. 122, 126 and 127; *Strout, Admr.* v. *Burgess,* 144 Me. 263, 287.

There is, however, an exception to this general rule which is and has been recognized by this court. In a case which turned upon whether or not an oral parol gift of real estate, possession of which had been delivered by the donor to the donee who had made improvements thereon, was enforcible in equity, *Bigelow* v. *Bigelow,* 95 Me. 17, 23, this court speaking through Wiswell, C. J., said:

"Whether, at that time, he was such an equitable owner, depends upon the determination of these two questions: first, did John promise, for a *valuable consideration,* to make a conveyance of this farm to Levi? This is a question of fact to be determined by the jury. Next, was the contract, if one was made, in view of the subsequent performance by Levi, one that should be enforced in equity? *If a contract existed,* we think the performance upon the part of Levi of the acts which constituted the consideration for that contract, followed by his going into possession of the property with the knowledge and consent of the person holding legal title, and making expenditures thereon, *although not sufficient to entitle him to a conveyance if the promise was merely a voluntary one*

*to make a gift,* would be sufficient to take the case out of the operation of the statute of frauds, and to authorize a court of equity, in the exercise of its sound discretion, to decree specific performance of the contract to convey. Green v. Jones, 76 Maine 563; Woodbury v. Gardiner, 77 Maine 68." (Emphasis ours.)

The referee was aware of this case and in his findings disposed of it as follows:

"In Bigelow v. Bigelow, 1901, 95 Maine 17 at 23, our Court indicated that a voluntary promise to make a gift of real estate followed by an assumption of possession by the donee and the making of expenditures upon the premises by the donee would not be sufficient to take the case out of the Statute of Frauds and authorize a court of equity to afford the donee specific performance. No authorities are cited for our Court's statement. The position taken is against the general authority in the United States. The promise in Bigelow v. Bigelow was oral."

Contrary to the intimation by the referee, *Bigelow* v. *Bigelow* was not a hasty, ill-considered opinion by this court. The case had been before the court once before, *Bigelow* v. *Bigelow,* 93 Me. 439. In that opinion by Wiswell, J., concurred in by Peters, C. J., Haskell, Strout and Savage, JJ., the court denied the validity of the parol gift on the ground that it was voluntary and that there was no consideration therefor. In a new trial the justice at nisi prius ordered a verdict which in effect denied the validity of the gift. When before the court a second time on exceptions to this ruling, this court stated the rule as quoted *supra* (*Bigelow* v. *Bigelow,* 95 Me. 17, 23), and specifically stated that unless there was a *consideration* for the promise to make the gift, the same was not enforcible in equity. However, there being evidence from which the jury could have found the existence of a consideration, exceptions to

the direction of the verdict were sustained. The opinion from which we quoted *supra* and which is so cavalierly treated by the referee, was written by Chief Justice Wiswell and was concurred in by Justices Emery, Whitehouse and Savage, all of whom were later Chief Justices of this court, and Justice Strout. The decision has remained unmodified and unchanged to this day. So far as we know it has been unchallenged save for the foregoing action by the referee in this case. It declares the law of this State.

True it is that in *Bigelow* v. *Bigelow* the parol gift was oral. Here the parol gift was written. However, a written parol transfer of an estate in freehold is just as ineffective, as a transfer, as is an oral one. Neither one can transfer title.

Furthermore, a parol contract cannot be created without consideration from the promisee. This rule is so fundamental that no authorities need be cited therefor. Parol promises, either written or oral, are not enforcible unless supported by consideration. Detriment to the promisee is a sufficient consideration for a contract. As said in *Bigelow* v. *Bigelow,* 95 Me. 17, 22:

> "it would be a detriment to the promisee, in the legal sense, if he *at the request of the promisor* and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience and which he was not obliged to perform." (Emphasis ours.)

There is no evidence in this case of a consideration for the attempted gift in question. Acts performed in reliance upon a promise cannot constitute a consideration therefor and transform the naked promise into a contract unless the performance of the acts is, in the legal sense, *at the request of the promisor*. In other words, as stated in *McGovern* v. *City of New York,* 234 N. Y. 377, 388, 138 N. E. 26, 31:

" 'Nothing is consideration,' it has been held, 'that is not regarded as such by both parties.' Philpot v. Gruninger, 14 Wall. 570, 577 (20 L. Ed. 743); Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 579, 12 Sup. Ct. 84, 35 L. Ed. 860; DeCicco v. Schweizer, supra, 221 N.Y. at page 438, 117 N.E. 807, L.R.A. 1918E, 1004, Ann. Cas. 1918C, 816. The fortuitous presence in a transaction of some possibility of detriment, latent but unthought of, is not enough. Fire Ins. Asso. v. Wickham, supra. Promisor and promisee must have dealt with it as the inducement to the promise. Holmes, Common Law, p. 292; Wisconsin & Mich. Ry. Co. v. Powers, 191 U.S. 379, 386, 24 Sup. Ct. 107, 48 L. Ed. 229; 1 Williston, Contracts, § 139, p. 309."

The same doctrine is well stated in 12 Am. Jur. 568, § 75 as follows:

"Consideration is in effect the price bargained and paid for a promise. In other words, it is something given in exchange for the promise. Nothing is consideration for a contract that is not regarded as such by *both parties.* The mere presence of some incident to a contract which might under certain circumstances be upheld as a consideration for a promise does not necessarily make it the consideration for the promise in that contract. To give it that effect, *it must have been offered by one party and accepted by the other as an element of the contract.* Accordingly, the fortuitous presence in a transaction of some possibility of detriment, latent but unthought of, is not enough to furnish a consideration for a contract. *The promisor and promisee must have dealt with it as the inducement to the promise.* In other words, on the one hand, the consideration must be the inducement to the making of the promise, and on the other, it must be induced by the promisor's express or implied request. *The classic doctrine is that 'the promise and the consideration must purport to be the motive each for the other, in whole or at least in part; it is not enough that the promise induces the detri-*

*ment or that the detriment induces the promise if the other half is wanting.'"* (Emphasis ours.)

We are not unmindful that the text in American Jurisprudence following the above passage continues as follows:

"There is, however, much authority to the effect that action induced by a promise renders the promise binding at least under some circumstances." 12 Am. Jur. 568, § 75.

This doctrine of promissory estoppel, at least so far as parol promise to make a gift of a freehold estate in land is concerned, was rejected by this court in *Bigelow* v. *Bigelow*, 95 Me. 17. We see no cause for reversing that decision or modifying the same to meet the exigencies of this case.

The defendant having neither a legal nor an equitable estate in the premises, and having been notified to quit the possession thereof, his right to possession as against the plaintiff had terminated prior to the commencement of this action. The plaintiff had the legal title to the premises and a right of entry therein. Whether or not the defendant's pleadings were sufficient to raise the issue of an equitable right to possession, we already having held that he had none, we need not now determine. We neither decide nor do we intimate our opinion as to whether or not the defendant herein may, in a separate action, recover from the plaintiff, either in whole or in part, the expenditures incurred in reliance upon the plaintiff's promise to make the gift, or for the benefits thereby conferred upon the plaintiff.

The court erred in accepting the report of the referee. The case must go back and be disposed of in accordance with the rule laid down in *Moores* v. *Inhabitants of Springfield*, 144 Me. 54, 73. The court below may, in its discretion, strike off the reference, it may recommit it to the referee who heard it before; or, with the consent of the parties, it may, after this reference is stricken off, refer it anew to another referee or referees.

*Exceptions sustained.*