**KENNEBUNK SAVINGS BANK**

v.

**Thomas R. WEST and Jean West.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1988.

Decided March 10, 1988.

Stephen Y. Hodsdon (orally), Kennebunkport, for plaintiff.

Dana E. Prescott (orally), Smith & Elliott, Saco, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

By grant of summary judgment entered in Superior Court, York County, against the defendants, Thomas R. West and Jean West, the plaintiff, Kennebunk Savings Bank (the Bank), was enabled to foreclose on a mortgage it held on the property owned by the Wests. On appeal the Wests claim that the mortgage was invalid for lack of consideration. We affirm the judgment.

On March 11, 1985 Thomas West executed a promissory note to the Bank for $135,000, secured by, *inter alia*, a mortgage on the home that he owned in joint tenancy with his wife, Jean West. Both had signed the mortgage deed, but only Thomas West had signed the promissory note and a security agreement pledging two boats as additional security for the loan. The proceeds of the loan went directly to Thomas West. After making payments through August 11, 1985, Thomas West defaulted on the note, and the Bank shortly thereafter brought this foreclosure suit. After hearing, the Superior Court granted the Bank's motion for summary judgment. The Wests contend, as they did before the Superior Court, that the undivided one-half interest of Jean West in their home is not subject to foreclosure because she did not sign the promissory note and received none of the loan proceeds.

■ Because the Bank was seeking the summary judgment, it had the burden of demonstrating the absence of any genuine issue of material fact and that it was entitled to summary judgment as a matter of law. *Magno v. Town of Freeport*, 486 A.2d 137, 141 (Me.1985). The Bank's affidavit in support of its motion recites, *inter alia*, that on March 11, 1985 Thomas West executed a promissory note to the Bank for

$135,000, secured by a mortgage deed executed the same day by Thomas and Jean West. In order to avoid summary judgment, the Wests were obligated to establish that there were specific facts showing a genuine issue for trial. M.R.Civ.P. 56; *Farrell v. Theriault*, 464 A.2d 188, 193 (Me.1983). In opposition to the motion, Jean West submitted an affidavit stating conclusorily that she "received no consideration" for signing the mortgage deed and that her "husband received all of the monies from the Kennebunk Savings Bank." Her affidavit also recited that she understood that the boats were the primary security for the loan.[1]

It is well settled that a mortgage must be supported by valid consideration. *See Bigelow v. Bigelow*, 95 Me. 17, 21, 49 A. 49, 50 (1901). Consideration can either be a benefit to the promisor or a detriment to or forbearance by the promisee. *Zamore v. Whitten*, 395 A.2d 435, 440 (Me. 1978); *Congregation Beth Abraham v. People's Savings Bank*, 120 Me. 178, 181–82, 113 A. 53, 54 (1921). A third party to a contract may, of course, also receive the benefit of the promised consideration if the promisee so intends. *Martin v. Scott Paper Co.*, 511 A.2d 1048, 1049–50 (Me.1986).

Other jurisdictions, applying the third party beneficiary theory to mortgages, have found that consideration for a mortgage need not flow directly from the mortgagee to the mortgagor. The consideration may consist in a loan to a third party. *In re Rolfe*, 710 F.2d 1, 3 (1st Cir.1983) ("the consideration that promisor A receives when C lends money to B is the loan to B, not some *additional* benefit to A"); *Continental Bank of Pa. v. Barclay Riding Academy*, 93 N.J. 153, 459 A.2d 1163, 1172 (1983) ("a third party can issue an enforceable mortgage to secure another's obligation"); *Peterson Bank v. Langendorf*, 136 Ill.App.3d 537, 90 Ill.Dec. 961, 483 N.E.2d 279, 280 (1985) ("consideration for a mortgage need not move directly from the mortgagee to the mortgagor") (citation omitted).

In reviewing the grant of a summary judgment, we view the evidence in the light most favorable to the losing party, giving that party the "full benefit of all favorable inferences that may be drawn." *Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983). Here, the defendants did not claim that Jean West was not fully aware that the Bank was loaning $135,000 to Thomas West and that the mortgage on the West home was security for that loan or that this was in any way contrary to her intentions. We hold that it is not necessary that consideration for the mortgage be received by Jean West, the co-mortgagor. The necessary consideration appears in her affidavit reciting that $135,000 of the Bank's money had all been received by her husband.

Because there is no genuine issue as to any material fact and the Bank was entitled to judgment as a matter of law, the Superior Court properly granted the Bank's motion for summary judgment. M.R.Civ.P. 56(c).

The entry is:

Judgment affirmed.

All concurring.

---

1. The affidavit filed by Thomas West was substantially the same as that of Jean West. Although the affidavits of the Wests were conclusory and did not comply with M.R.Civ.P. 56(e), the Bank failed to object to the affidavits and thereby waived its right to claim error. *Town of Orient v. Dwyer*, 490 A.2d 660, 662 (Me.1985); *Farrell v. Theriault*, 464 A.2d at 194.