**Dennis Edward LOVEJOY, et al.**

**v.**

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued May 2, 1988.

Decided July 21, 1988.

Remington O. Schmidt (orally), Portland, for plaintiffs.

James E. Tierney, Atty. Gen., Amy M. Homans, (orally), Asst. Atty. Gen., Consumer & Antitrust Div., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Dennis Edward Lovejoy and Mark Wayne Wentworth, the plaintiffs, appeal from an order of the Superior Court, Cumberland County, granting summary judgment in favor of the defendant, the State of Maine. The plaintiffs' complaints, brought pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1987), alleged personal injuries and pecuniary losses sustained when the four wheel drive vehicle in which they were riding fell through the camouflaged roof of an underground assault shelter located at the Hollis Training Center, a 425 acre state-owned military training ground for the Maine National Guard. The plaintiffs contend on appeal that the Superior Court erred in its conclusion that the assault shelter was not a "public building" within the meaning of section 8104(2) and that therefore the State was immune from suit under the Maine Tort Claims Act. We affirm the judgment.

The pleadings, depositions and answers to interrogatories establish the following facts.

In the summer of 1984 Mark Wentworth and his passenger, Dennis Lovejoy, entered the Hollis Training Center for the purpose of riding around the area in Wentworth's four wheel drive vehicle. A short while later, they decided to leave the trail on which they were driving in order to ascend a grassy mound. As they approached the top of the mound, their vehicle fell through the underground roof of an assault shelter, dropping a distance of about six feet and landing on its side. As a result of the accident, the plaintiffs suffered physical injuries and pecuniary losses.

Lovejoy and Wentworth filed separate complaints in April 1986, naming as defendant the State of Maine and alleging that the "State of Maine [had] breached its duty of due care ... [by its] failure to properly construct, operate and maintain a State building under 14 M.R.S.A. § 8104(2)." After consolidation of the cases pursuant to M.R.Civ.P. 42(a), the Superior Court granted the State's motion for summary judgment, and this appeal followed.

The Maine Tort Claims Act establishes that, "[e]xcept as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S.A. § 8103(1). Section 8104 provides, among the exceptions to immunity, that

> A governmental entity shall be liable for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
>
> ....
>
> 2. In the construction, operation or maintenance of any public building or the appurtenances thereto....

Lovejoy and Wentworth contend on appeal, as they did before the Superior Court, that the phrase "public building" includes any publicly-owned building, whether open for general public use or not. The Superior Court disagreed, concluding as a matter of law that the air transportable assault shelter was not a "public building" for purposes of section 8104(2), since that statutory language referred only to buildings open for use by the general public.

We agree with the Superior Court that there were no genuine issues of fact for trial and that the State was entitled to judgment as a matter of law pursuant to M.R. Civ.P. 56. However, we need not and do not decide whether the legislature intended for "public building" to refer to any publicly-owned building or only those publicly-owned buildings open to general public use. We conclude that the assault shelter involved here does not fall within the public building exception of section 8104(2).

The assault shelter, the only one of its kind on the premises, had been placed underground and was camouflaged with about two feet of sod and tall grass growing on all sides. The structure was not visible except for its ten foot by two and one-half foot opening, apparent upon inspection. It was prefabricated, consisted largely of plywood, and measured thirteen feet long by ten feet wide by six and one-half feet high. Since the date of its installation in 1976, the assault shelter had been used exclusively for military training.

 Liability for governmental entities is a statutorily created, narrowly construed exception to the general rule of sovereign immunity. *Clockedile v. State Dep't of Transp.*, 437 A.2d 187, 189 (Me. 1981). We decline to stretch the "public building" exception under the Maine Tort Claims Act to include the prefabricated, air transportable underground assault shelter in this case.

The entry is:

Judgment affirmed.

All concurring.