**Joey M. STRETTON**

v.

**CITY OF LEWISTON.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1991.

Decided April 3, 1991.

Jon S. Oxman (orally), Michelle A. Small, Linnell, Choate & Webber, Auburn, for appellant.

Craig T. Beling (orally), Daniel Rapaport, Preti, Flaherty, Beliveau & Pachios, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

William Stretton, on behalf of his minor son, Joey M. Stretton, appeals from a summary judgment granted by the Superior Court (Androscoggin County, *Alexander, J.*) in favor of the City of Lewiston in an action brought pursuant to the Maine Tort Claims Act. 14 M.R.S.A. § 8101–8118 (1980 & Supp.1990). Stretton contends that summary judgment was improperly granted because there is a genuine issue of fact as to whether the City of Lewiston is liable under the insurance coverage and public building exceptions to governmental immunity. 14 M.R.S.A. §§ 8116 and 8104–A(2) (Supp.1990). We agree in part. We find that a factual issue exists as to the extent of the City's insurance coverage and so vacate the summary judgment.

Joey M. Stretton, a sophomore at Lewiston High School, injured his knee playing soccer on a wet and muddy athletic field. The soccer game had been scheduled as

part of the regular physical education curriculum at Lewiston High and was supervised by the gym instructor. Joey underwent arthroscopic surgery on his knee. He continues to experience stiffness and pain and must wear a knee brace when engaging in physical activity.

William Stretton commenced this action seeking damages from the City of Lewiston for Joey's injuries. The complaint alleges that Lewiston High School employees were negligent in their decision to conduct gym class activities on the muddy field and that this was the cause of Joey's injury. The City claimed immunity from suit under the Maine Tort Claims Act and moved for summary judgment. M.R.Civ.P. 56. Following a hearing, the Superior Court granted the motion and Stretton appealed.

■ Stretton's primary argument on appeal, as before the trial court, is that the City has waived immunity pursuant to 14 M.R.S.A. § 8116 (Supp.1990) by its participation in the Maine Municipal Association Property and Casualty Risk Pool ("the MMA Risk Pool").

The Maine Tort Claims Act establishes a presumption of governmental immunity from liability in tort actions. As a governmental entity, 14 M.R.S.A. §§ 8102(2) and (3) (1980 & Supp.1990), the City of Lewiston enjoys the broad immunity provided by the Act and may be held liable only when immunity is expressly removed by the Act or by statute. 14 M.R.S.A. § 8103(1) (1980 & Supp.1990). Section 8116 of the Act creates an exception to immunity based on insurance coverage and provides in pertinent part:

> The legislative or executive body or any department of the State or any political subdivision may procure insurance against liability for any claim against it or its employees for which immunity is waived under this chapter or under any other law.... If the insurance provides coverage in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage....

> A governmental entity or public self-funded pool, which self-insures against the obligations and liabilities imposed by this Act, shall designate funds set aside to meet such obligations and liabilities as self-insurance funds. Any such governmental entity which self-insures under this Act or any entity that is a member of a public self-funded pool shall maintain as part of its public records a written statement which shall include a provision setting forth the financial limits of liability assumed by the governmental entity, those limits to be no less than the limits imposed in this Act, and a provision setting forth the scope of the liability to be assumed by the governmental entity, or the pool, that scope to be no less than that imposed in this Act.

Like other exceptions to governmental immunity, section 8116 is to be narrowly construed by the courts. *See Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me.1987); *Clockedile v. State Dept. of Transp.*, 437 A.2d 187, 189 (Me.1981).

The record indicates that the City of Lewiston participates in a public self-funded insurance pool. The City's Certificate of Participation indicates that the MMA Risk Pool provides "comprehensive general liability coverage" of "$300,000 [on] each and every loss for a 'cause of action' based upon Maine Law," and "$100,000 [on] each and every loss for a 'cause of action' based upon other than Maine Law." According to an affidavit filed in this action by Richard T. Metivier, the Finance Director and Controller for the City of Lewiston, the MMA Risk Pool "provides funds for the indemnification of judgments against the City of Lewiston only for tort claims for which immunity is expressly waived pursuant to the Maine Tort Claims Act." The record contains no additional evidence regarding the scope of insurance coverage.

We find that the language used to describe the scope of the policy is ambiguous. Based on what is presently in the record, we do not agree that the *only* reasonable interpretation of the language is that it limits liability to areas in which governmental immunity has been expressly waived under the Maine Tort Claims Act. Viewing

the evidence in the light most favorable to Stretton and affording him the full benefit of all favorable inferences that may be drawn from the evidence, *Clark v. Maine Medical Center,* 559 A.2d 358, 360 (Me. 1989), *Lidstone v. Green,* 469 A.2d 843, 845 (Me.1983), we are persuaded that the Superior Court erred in granting summary judgment on the issue of insurance coverage. *Cf. Robinson v. Washington County,* 529 A.2d 1357, 1361 (Me.1987). There remains a genuine issue of fact regarding the scope of liability coverage under the MMA Risk Pool.

 Stretton also contends that the City is liable pursuant to the maintenance of public buildings exception to governmental immunity. 14 M.R.S.A. § 8104–A(2).[1] We disagree.

14 M.R.S.A. § 8104–A(2) provides in pertinent part:

A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building. Notwithstanding this subsection, a governmental entity is not liable for any claim which results from:

A. The construction, ownership, maintenance or use of:

(1) Unimproved land;

(2) Historic sites, including, but not limited to, memorials ...; or

(3) Land, buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.

In *Lovejoy v. State,* 544 A.2d 750 (Me.1988) we concluded that a camouflaged underground assault shelter located at the Hollis Training Center is not a public building within the meaning of the statute and denied recovery against the State by plaintiffs who were injured when the shelter collapsed under the weight of their four-wheel-drive vehicle. *Id.* at 751. Similarly, the unimproved public athletic field upon which Joey Stretton was injured is not a

public building nor an appurtenance to a public building within the meaning of section 8104–A(2).

We agree with the Superior Court that there is no liability under the maintenance of public buildings exception to governmental immunity and that the City is entitled to judgment as a matter of law on that issue. We need not reach and do not decide whether the Lewiston High School employee's decision to take the students outside for gym class is a discretionary one for which the City is protected from liability.

The entry is:

Judgment vacated. The case is remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. We have considered the City's contention that the complaint fails to state a claim for negligent maintenance of the athletic field and conclude that the complaint sets forth the factual information necessary to support the claim.