## ABT & A CO., INC. d/b/a Rent–A–Wreck of Bangor

v.

## STATE of Maine.

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1994.

Decided July 8, 1994.

Charles Gilbert, Gilbert Law Offices, Bangor, for plaintiff.

Diane Sleek, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

ABT & A Co., Inc. (the Company) appeals from the entry of a summary judgment in the Superior Court (Penobscot County, *Pier-*

son, *J.*) holding that the State of Maine is not responsible, as a matter of law, for damages to the Company's property caused by two escapees from a correctional facility. We affirm the judgment.

On September 14, 1991, two inmates at the South Windham Correctional Center cut through a fence and escaped from the facility. The Company alleges that two days later the escapees broke into its car rental operation and stole a car, which was never recovered. The Company claims that the State was negligent in allowing the inmates to escape and then steal the car.

We reject the Company's argument that the State is liable for the acts of escaped prisoners pursuant to an exception to the general immunity afforded under the Maine Tort Claims Act. 14 M.R.S.A. § 8103(1) (1980). We have held that the section of the Act that imposes liability on the State for its "negligent acts or omissions in the construction, operation or maintenance of any public building," 14 M.R.S.A. § 8104–A(2) (Supp. 1993), applies only to the State's acts in the care or operation of its buildings and property, not to the State's care or supervision of people in its charge. *Jensen v. Augusta Mental Health Inst.*, 574 A.2d 885, 886 (Me. 1990); *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me.1987).[1] *See also Lovejoy v. State*, 544 A.2d 750, 751 (Me.1988) (exceptions to immunity afforded under the Act must be narrowly construed). The State's efforts to prevent prisoners from escaping do not qualify as "operation or maintenance of public buildings" and therefore section 8104–A(2) does not impose liability on the State for the acts of escaped prisoners.

The Company's remaining arguments are without merit.

The entry is:

Judgment affirmed.

All concurring.

---

1. We reject the Company's attempt to distinguish the "AMHI cases." The fact that the instant case involves a correctional facility while the other cases involved a mental health facility is irrelevant—they are both state-owned buildings.