Dale LYNCH et al.

v.

TOWN OF KITTERY *.

Supreme Judicial Court of Maine.

Argued April 4, 1996.

Decided June 3, 1996.

Mark L. Randall (orally), Daniel G. Lilley Law Offices, P.A., Portland, for Plaintiffs.

Edward R. Benjamin, Jr. (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Dale Lynch, Nancy Lynch, and their son, Ryan Lynch, appeal from the entry of a summary judgment in the Superior Court (York County, *Crowley, J.*) in favor of Traip Academy. The Lynches contend that the court erred by determining that Traip Academy is immune from suit pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1995). They argue that section 8104–A(2) (Supp.1995) of the Act waives governmental immunity for the negligent operation of a public building.[1] Because we conclude that leaving school doors unlocked constitutes operation of a public building, we vacate the judgment.

Traip Academy is a public high school in Kittery. Ryan Lynch, a student, sustained injuries when two unauthorized visitors entered the school and hit him in the face with a baseball bat. The Lynches filed an action for, *inter alia,* negligence against Traip Academy. At the time of the incident the school had a policy that all exterior doors, except the front door, were to be locked.

---

* With the agreement of the parties, we change the name of the defendant in the title of this case from Traip Academy to the Town of Kittery. *See Faucher v. City of Auburn,* 465 A.2d 1120 (Me. 1983) (appropriate defendant in a tort action against the City of Auburn School Department is the City of Auburn).

1. Section 8104–A(2) provides in pertinent part:

  **2. Public Buildings.** A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building. . . .

The Lynches allege that the unauthorized visitors entered the school through an unlocked door leading into the cafeteria. The court granted Traip Academy's motion for a summary judgment on the ground that the injury did not result from the "operation" of a public building. The Lynches appeal.

■ In reviewing an appeal from the grant of a summary judgment, we view the evidence in a light most favorable to the party against whom the judgment was entered and review the court's decision for errors of law. *Gonzales v. Commissioner, Dept. of Public Safety*, 665 A.2d 681, 682 (Me.1995). We will affirm a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.* at 682–83.

■ The Act provides that governmental entities are immune from suit on tort claims, 14 M.R.S.A. § 8103(1) (1980), subject to specific, limited exceptions, § 8104–A (Supp. 1995). *See also Petillo v. City of Portland*, 657 A.2d 325, 326 (Me.1995). We strictly construe the exceptions to governmental immunity in the Act. *Id.* at 327.

■ The Lynches argue that the school's failure to perform the manual task of locking the cafeteria doors in accordance with its operating procedures constituted negligent operation of a public building pursuant to section 8104–A(2). Traip Academy argues that pursuant to our decision in *ABT & A Co. v. State*, 644 A.2d 460 (Me.1994), the public buildings exception is inapplicable.[2]

In *ABT & A Co.*, two state correctional prisoners cut through a prison fence, escaped, and stole a car. *Id.* at 460. In holding that the exception did not apply, we stated that section 8104–A(2) "applies only to the State's acts in the care or operation of its buildings and property, not to the State's care or supervision of people in its charge." *Id.* We reasoned that the "State's efforts to prevent prisoners from escaping do not qualify as 'operation or maintenance of public buildings' and therefore section 8104–A(2) does not impose liability on the State for the

acts of escaped prisoners." *Id.* Unlike *ABT & A Co.*, where our focus was on the supervision of inmates, the focus of the instant case is on the operation of the school building, not on the supervision of students. Just as Traip Academy's locking the doors in a manner that blocked a fire escape would constitute the operation of a building, the school's failure to lock the doors likewise constitutes the operation of a building. We express no opinion on the extent of a school's duty to provide security for its students, or whether leaving doors unlocked could constitute negligence. We decide only that locking or unlocking the school doors constitutes operation of a public building. Accordingly, the court erred in granting a summary judgment.

The entry is:

Judgment vacated.

All concurring.

---

**2.** The Lynches do not argue that Traip Academy negligently promulgated a rule (conduct protected by 14 M.R.S.A. § 8104–B(1) (Supp.1995)), nor do they claim that the school failed to perform a discretionary function (conduct protected by 14 M.R.S.A. § 8104–B(3) (Supp.1995)).