1998 ME 91

**Colin MACK et al.**

v.

**ACADIA INSURANCE CO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1997.

Decided April 30, 1998.

James S. Hewes, Portland, for plaintiffs.

Elizabeth Knox Peck, Paul C. Catsos, Thompson & Bowie, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Colin and Marjorie Mack appeal from a judgment entered in the Superior Court (Cumberland County, *Calkins, J.*) after a jury verdict in favor of Acadia Insurance Company on the Macks' breach of contract claim. The Macks contend that the court's interpretation of an unambiguous insurance contract was incorrect; that the court erred in granting portions of Acadia's bill of costs and in denying a request for a hearing on the bill of costs; and that the court erred in granting a summary judgment on four of the five counts in the Macks' complaint. We modify the court's order with respect to Acadia's bill of costs and affirm the judgment in all other respects.

[¶ 2] On June 16, 1995, Colin Mack was driving his 1987 Audi 5000S when smoke began to pour out of the dashboard, the dashboard lights began to flash, and the vehicle began to buck violently. He pulled the vehicle to the side of the road and upon opening the hood saw smoke coming out of the radiator fan. The wires in the engine compartment had begun to melt, so Mack disconnected the cables from his battery terminal and began pulling fuses and relays in order to remove power from the fan, which he thought was drawing too much current. Mack had the automobile towed to an Audi dealership where he was informed that the vehicle had sustained extensive damage. Mack filed a claim for the damage with Acadia pursuant to his non-collision insurance coverage, and an Acadia claims representative informed him that the company would have the vehicle inspected in order to determine whether Acadia would pay his claim. Within ten days of the incident the representative wrote to Mack informing him that Acadia would not honor the claim for his loss

because the damage was caused by an electrical breakdown not covered by the policy.

[¶ 3] The Macks. filed a five-count complaint against Acadia alleging a breach of contract, negligence, and an intentional infliction of emotional distress, and seeking punitive damages and late payment costs pursuant to 24–A M.R.S.A. § 2436 (1990).[1] The court granted a summary judgment in Acadia's favor on each of the Macks' counts except the breach of contract claim. Prior to the trial, the court ruled that the insurance contract provision at issue was unambiguous and that the list of "other than collision" causes of damage in the policy was an exclusive list. The ruling resulted in the Macks having to prove that the car's damage was caused by fire, the only possible cause of damage of those listed in the insurance policy. The jury found that the Macks did not prove that the damage to the engine was caused by fire, and the court entered judgment in favor of Acadia. The court subsequently denied the Macks' motion for a new trial, awarded costs to Acadia, and the Macks filed this appeal.

█ [¶ 4] The Macks' primary argument on appeal is that the court erred when it ruled that the list of causes of damage that are considered "other than collision" was an exclusive list. The provision at issue reads:

COVERAGE FOR DAMAGE TO YOUR AUTO

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto," including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to "your covered auto" caused by:

1. Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

\* \* \*

B. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.

Loss caused by the following is considered other than "collision:"

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

The trial court concluded that the ten causes of loss set out in paragraph B constituted an exclusive list of the causes of damage included in the insurance policy's "other than collision" coverage.

█ [¶ 5] The interpretation of the terms of an unambiguous insurance contract is a question of law. *Globe Indem. Co. v. Jordan,* 634 A.2d 1279, 1282 (Me.1993). Comprehensive coverage traditionally included all aspects of non-collision damage not specifically excluded by the policy. It was not limited to those causes set out in the policy as non-collision. In *Hughes v. Great American Ins. Co.,* 427 S.W.2d 266 (Mo.Ct.App.1968), the Missouri·Court of Appeals held that a list of causes that were not considered collision was not meant to be an exclusive list, stating: "[W]e think the [comprehensive] coverage involved is not limited to these particular words which specify 'what collision is not.'" *Id.* at 269. The contract provision in *Hughes* was different than the provision in the Macks' policy, however. The *Hughes* provision read:

For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or

1. 24–A M.R.S.A. § 2436 allows an insured to recover attorneys fees and interest in the amount of 1 1/2% per month from an insurance company when the company fails to pay an undisputed claim within 30 days after the company receives proof of loss.

animal, shall not be deemed to be loss caused by collision.

*Id. See also* 5 John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 3222, at 692 (1970) (citing *Hughes* for the proposition that "coverage under the clause agreeing to pay for losses caused other than by collision and enumerating the types of losses that would not be deemed to have been caused by collision is not limited to the enumerated risks").

[¶ 6] There is a distinct difference between a contract clause that states what *is not* collision and a clause that states what *is* "other than collision," as the provision in this case does. The plain language of the provision supports the court's determination that the listed causes of damage constitutes an exclusive list. The Macks' assertion that the word "exclusive" or one of its synonyms must be present in order to find the list exclusive is unsupported by any authority and is unpersuasive.

[¶ 7] The Macks' argument that the exclusions listed in the policy would be unnecessary if the list of causes of damage was exclusive is similarly unpersuasive. The policy lists twelve exclusions from coverage, including, among other things, losses to the auto while it is being used as a public or livery conveyance, damage due to wear and tear and mechanical breakdown, loss to radios, stereos, and other electronic equipment, and loss to auto accessories such as special carpeting, facilities for cooking or sleeping, and custom murals or painting. These exclusions apply equally to the collision and noncollision portions of the policy and simply limit the coverage granted by those provisions in certain circumstances. For example, the "other than collision" provision covers damage caused by fire, but the cost of custom painting damaged by fire could not be recovered pursuant to the exclusion. We conclude that the court correctly interpreted the insurance contract.

[¶ 8] The Macks also argue that the court erred when it granted a portion of Acadia's bill of costs and when it denied their request for a hearing on the bill of costs. Acadia concedes that the costs associated with an inspection of the Macks' car by its expert

witness one month after the incident are not recoverable because they were not associated with the trial. *See McCarthy v. U.S.I. Corp.,* 678 A.2d 48, 54 (Me.1996). The order on defendant's bill of costs accordingly should be modified to reflect a reduction in the amount of $385.54.

[¶ 9] We conclude, however, that the court acted within its discretion when it declined to provide the Macks a hearing on the bill of costs. The statute governing taxing of costs provides:

> Either side may request oral argument and submit affidavits and briefs. An evidentiary hearing on the reasonableness of costs or interest will be held only when the judge determines that there exists a substantial need for the hearing and the amount of challenged costs or interest are substantial. If the presiding judge determines that the imposition of costs will cause a significant financial hardship to any party, the judge may waive all or part of the costs with respect to that party.

14 M.R.S.A. § 1502–D (Supp.1997). The language of the statute plainly makes the determination of whether to hold a hearing on a contested bill of costs discretionary on the part of the trial court. The court acted within its discretion when it refused to hold a hearing in this case when it had the benefit of a three-page, single-spaced opposition to the bill of costs submitted by the Macks and a two-page reply submitted by Acadia. In these circumstances it was reasonable to determine that there existed no substantial need for the requested hearing.

[¶ 10] The Macks' other issues do not require discussion.

The entry is:

Judgment modified in accordance with the opinion herein to reduce the amount of costs by $385.54, and as so modified, affirmed.