1998 ME 126

**Richard DUBAIL, et al.**

v.

**DEPARTMENT OF TRANSPORTATION.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 22, 1998.

Decided May 28, 1998.

Philip P. Mancini, Cloutier & Briggs, P.A., Rockport, for plaintiffs.

James E. Smith, Legal Division, Department of Transportation, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] Richard and Georgia Dubail appeal from a summary judgment entered in the Superior Court (Cumberland County, *Brennan*, J.) on the Department of Transportation's motion in the Dubails' personal injury action. The Dubails contend that the court erred by determining as a matter of law that the DOT's alleged negligence did not occur "during the performance" of construction, street cleaning, or repair operations, within the meaning of 14 M.R.S.A. § 8104–A(4)'s exception to governmental immunity pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1997). We affirm the judgment.

I.

[¶ 2] In March 1996 Richard and Georgia Dubail filed a complaint against the Department of Transportation alleging, *inter alia,* that in July 1994 Richard Dubail fell into a nearly five-foot deep hole while walking along the inside of a guardrail on Mallett Road in Freeport; that he was severely injured in the fall; and that his injuries were the result of the DOT's negligence. The complaint also alleged that Dubail's injuries

"[arose] out of the performance of construction and repair operations." After filing a timely answer, the DOT moved for a summary judgment in which it asserted that it was immune from suit pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118.

[¶ 3] The DOT's motion for a summary judgment was supported by the deposition testimony of Ralph Williams, a DOT foreman, and Roger Gobeil, a DOT supervisor.[1] Williams testified that he learned about the hole from his crew in 1989; that the hole was located inside the guardrail near a catch basin; that he had covered the hole with heavy exterior three-quarter inch plywood that was measured to fit tightly around the hole to prevent inadvertent removal; that he expected that the covering would last for ten to fifteen years, which would be "sufficient until the next major construction project came along"; and that he was unaware of any upcoming scheduled construction projects. Williams also testified that in the course of routine catch basin cleaning procedures, his crew cleaned the Mallett Drive catch basin annually from 1989 until 1994, when Dubail was injured. Both Williams and Gobeil testified that they were unaware of any construction, street cleaning, or repair operations being performed around the catch basin or hole in the weeks preceding and following Dubail's injury. Shortly after Dubail's fall, the DOT installed a metal covering on the hole.

[¶ 4] The court concluded that the undisputed facts were insufficient as a matter of law to establish that the DOT's negligence occurred "during the performance" of construction, street cleaning, or repair operations. This appeal followed.

## II.

[¶ 5] The Dubails argue that a jury should have been permitted to infer from the undisputed facts that the DOT's alleged negligence occurred "during the performance of construction, street cleaning or repair operations," within the meaning of section 8104–A's exception to immunity, and that the court erred in deciding this issue as a matter of law. When reviewing a grant of a summary judgment, we review the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *See Petillo v. City of Portland*, 657 A.2d 325, 326 (Me.1995).

[¶ 6] Pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp. 1997), governmental entities[2] are immune from suit on tort claims except in certain enumerated circumstances. The general immunity provision, set forth at section 8103, provides:

> **Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery for damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

*Id.* § 8103. Exceptions to this general immunity provision are set forth at section 8104–A, which provides in pertinent part:

> **Exceptions to immunity.** [A] governmental entity is liable for property damage and bodily injury or death in the following instances.
>
> . . .
>
> **4. Road construction, street cleaning or repair.** *A governmental entity is liable for its negligent acts or omissions arising out of and occurring during the performance of construction, street*

1. The DOT's motion for a summary judgment was also supported by the deposition testimony of the Dubails, both of whom testified that they observed nothing that indicated that the Mallett Drive area was under construction, being repaired, or being cleaned, and by the affidavit of Brian Harris, a DOT engineer, who stated that no construction was performed at the Mallett Drive area from 1987 until 1996.

2. "Governmental entities" is defined in section 8102(2) as "the State and political subdivisions as defined in subsection 3." 14 M.R.S.A. § 8102(2). The "State" is defined as "the State of Maine or any office, department, agency, authority, commission, board, institution, hospital or other instrumentality of the State...." *Id.* § 8102(4).

*cleaning or repair operations* on any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of those ways.... A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto.

*Id.* § 8104–A (emphasis added). Section 8104–A's exceptions to governmental immunity are strictly construed. *See Lynch v. Town of Kittery,* 677 A.2d 524, 525 (Me.1996).

 [¶ 7] Whether a defendant is entitled to governmental immunity is a question of law that may be resolved by a summary judgment in the absence of factual contradiction. *Cf. Berard v. McKinnis,* 699 A.2d 1148, 1153 (Me.1997) (entitlement to discretionary immunity pursuant to MTCA is a question of law). In this case, the record supports the court's legal conclusion that the DOT's alleged negligence did not "occur during the performance" of construction, street cleaning, or repair operations, within the meaning of 14 M.R.S.A. § 8104–A(4). Contrary to the Dubails' contention, the undisputed fact that the DOT routinely performed annual cleanings of the Mallett Drive area does not mean, as a matter of law, that Dubail fell "during the performance of street cleaning." Similarly, the undisputed fact that the DOT installed a metal covering on the hole shortly after Dubail fell does not mean, as a matter of law, that the DOT's plywood covering was intended to be temporary and that repair operations were "ongoing" over the course of five years.

[¶ 8] The DOT's deponents testified that no construction, repairs, or street cleaning were in progress at the time Dubail fell and in the weeks preceding and following his fall. The Dubails offered no evidence to the contrary. The DOT also offered evidence, undisputed by the Dubails, that it expected the hole's plywood covering to last ten to fifteen years. *See Thompson v. State Dep't of Transportation,* 521 A.2d 293, 295 (Me.1987) ("The determinative issue for the purposes of 14 M.R.S.A. § 8104(4) [presently codified at

section 8104–A(4) ] is not whether DOT had satisfactorily performed the repaving job, but whether DOT had done all it was going to do, and all it was scheduled to do, in repaving that section of the highway where the accident occurred."); *see also* 14 M.R.S.A. § 8104–A(4) ("A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing...."). Accordingly, we find no error in the court's decision to grant a summary judgment in favor of the DOT.

The entry is:

Judgment affirmed.

