STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-136

Cebrina Fiandaca, by and through
       Lori Peterson,
       Plaintiff

       v.

City of Bangor et al.,
       Defendants

FILED & ENTERED
SUPERIOR COURT
JUN 0 5 2002
PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

FJUN 14 2002

Order on Defendant's Motion
for Summary Judgment

Pending before the court is the defendants' motion for summary judgment on all claims filed by the plaintiff. The motion at bar rests on the defendants' contention that they are immune from liability under the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101 *et seq.* ("MTCA"). The court has considered the parties' written arguments and other materials filed in association with the motion pursuant to M.R.Civ.P. 56.[1]

The record on summary judgment establishes that on October 31, 2000, Cebrina Fiandaca was a student at the Vine Street Elementary School in Bangor, which is a public school. School had recessed for the day, and Cebrina and other students were outside of the school building waiting for the school bus. Two teachers from the Vine Street school supervised the children. Those teachers had the responsibility to supervise the students while they waited for the bus to pick them up and to escort them onto the bus. The record at bar does not include any competent evidence of the existence of a policy governing

---

[1] The plaintiff urges that, as an alternative to granting the motion, the court defer consideration of the summary judgment motion to allow the parties to pursue additional discovery. This position, however, is not predicated on a proper procedural basis, *see* M.R.Civ.P. 56(f), or on an adequate substantive one, *see, e.g., Selby v. Cumberland County*, 2002 ME 80, ¶¶ 14-15, --- A.2d ---, ---.

1

those activities in which the supervising teachers could allow the children to engage.[2] On October 31, the supervising teachers decided to allow the students, including Cebrina, to use equipment in the playground. The plaintiff alleges that Cebrina (her daughter) fell from the playground equipment and sustained personal injury.

The plaintiff brought this action against the City of Bangor and, by an amended complaint, against the Bangor School Department, alleging that the defendants were negligent, first, in the operation, maintenance and control of the playground equipment; second, in the training of the supervising teachers; and third, in the supervision of the students provided by the teachers themselves. In support of their motion for summary judgment, the defendants contend that the equipment was not appurtenant to a public building and therefore that a negligence claim relating to that equipment does not fall with the immunity exception found in section 8104-A (2). The defendants next contend that the claims of negligent training and negligence supervision are barred by the MTCA because they involve discretionary functions that do not expose a governmental entity to civil liability.[3] The plaintiff argues that "as a matter of law," the defendant is not protected from liability from sovereign immunity. She does not argue that there exist genuine issues of material fact that leave the immunity claims open for factual resolution. Therefore, the court does not address the procedural issue noted in *Campbell v. Washington County Technical College*, 219 F.3d 3, 8 (1st Cir. 2000) – an issue not raised or addressed by the parties at bar – of whether a judge or a jury is the proper decision-maker of an immunity claim based on an undisputed record. Therefore, based on the manner in which the parties have framed their arguments, the court treats the pending summary judgment motion, which has been presented on the basis of undisputed facts, as

---

[2] Cebrina's mother, who is the nominal plaintiff, believes that there is a policy that prohibits the supervising school personnel from allowing kindergarten children to use playground equipment that could be used by older children. *See* DSMF ¶ 7. Her belief, without more, is insufficient to create a proper evidentiary argument that such a policy in fact exists.

[3] In their motion, the defendants make the additional argument that they are not exposed to liability because of the liability insurance coverage that may be available here. The plaintiff's response makes clear that she does not rely on that coverage as a basis for her claim that the defendants are not immunized from suit. Thus, the court does not address that issue here.

one where the parties invite the court to make the ultimate determination of whether the defendants are entitled to immunity against the claims filed by the plaintiff.

Summary judgment is a proper vehicle for consideration of sovereign immunity. *Dubail v. Department of Transportation*, 1998 ME 126, ¶ 7, 711 A.2d 1301, 1303. Exceptions to immunity are to be construed strictly. *Id.*, ¶ 6, 711 A.2d at 1303. "[I]mmunity is the rule and exceptions to immunity are to be strictly construed. . . . [The court shall employ] an exception-to-immunity approach rather than an exception-to-liability approach." *New Orleans Tanker Corp. v. Department of Transportation*, 1999 ME 67, ¶ 5, 728 A.2d 673, 675 (citations and internal punctuation omitted).

Each defendant is a "governmental entity" for purposes of the MTCA and is therefore entitled to any immunity available thereunder. *See* 14 M.R.S.A. §§ 8102(2), (3).

### A. Public building and appurtenances

"A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." 14 M.R.S.A. 8104-A(2). The plaintiff alleges that the defendants were negligent in maintaining and operating of the playground equipment because that equipment was not equipped with a sufficiently cushioned surface to absorb the fall of a child. DSMF ¶ 7. Any such theory of negligence could be maintained against the defendants only if the playground equipment were appurtenant to the school building, which is a public building, *see Lynch v. Town of Kittery*, 677 A.2d 524, 525 (Me. 1996) (public school is a public building). The playground equipment that Cebrina allegedly used is located "just to the right of the front door of the [school] building on the Larkin Street side of the building. The playground equipment is also located directly in front of the doors leading to the gymnasium/cafeteria section of the school building." DSMF ¶ 8.

The research efforts of the parties and of the court have not revealed any Maine authority that discusses the concept of an appurtenance either in a general way, or in a more specific way that lends insight into the circumstances of this case. However, *Kitchen v. City of Calais*, 666 A.2d 77 (Me. 1995) demonstrates the very limited class of assets that could be treated as appurtenances for purposes of the MTCA. There, the

plaintiff sustained injury when she fell over a curb in a public parking lot that serviced the City's police station. The Court held that the parking lot could not be an appurtenance to the public building (the police station) because of the effect that a contrary conclusion would have on section 8104-A(2). *Id.* at 78-79. The specific analysis that led the *Kitchen* Court to its finding in that case is not applicable here, because Cebrina did not sustain any injuries in a parking lot. Nonetheless, *Kitchen* is instructive because it demonstrates the highly restricted nature of an appurtenance, as that term in used in the MTCA. As the Law Court concluded in that case, the Legislature did not intend to treat as an appurtenance a parking lot located immediately in front of a building and used to service that building. Such a restrictive view of an appurtenance is consistent with the overall restrictive approach that courts are required to take when applying the provisions of the MTCA to the facts of a specific case.

An "appurtenance" has been defined as "[t]hat which belongs to something else; an adjunct; an appendage; something annexed to another thing more worthy as principal, and which passes as incident to it, as a right of way or other easement to land; and outhouse, barn, garden, or orchard, to a house or messuage. . . .An article adapted to the use of the property to which it is connected, and which was intended to be a permanent accession to the freehold." BLACK'S LAW DICTIONARY 133 (4th ed. rev. 1968). Here, the present record does not leave room to argue that its location on the school grounds makes it such an integral part of the public building itself that it falls within that very narrowly defined statutory concept of an appurtenance. A playground apparatus has some connection to a public school, and the record in this case shows that at times the equipment is used by the students who attend the school. However, the scope of the school's function clearly exceeds the playground's, and the use of the playground presumably exceeds the school's. If a parking lot is functionally severable from the building it serves, then the same separation can be drawn between a school and the equipment that is found in a playground located near the school building. Therefore, construing the provisions of the MTCA in the style of "exception to immunity," the court

4

concludes that the defendants are immune from a claim that they negligently maintained and operated the playground equipment.[4]

## B. Discretionary function

The defendants next argue that the MTCA protects them from claims that their employees negligently trained the supervising teachers and that the teachers were negligent in supervising Cebrina when she sustained her injuries. The defendants maintain that both the training and the actual supervision of students by teachers are discretionary functions and therefore cannot expose them to liability under the circumstances at bar. *See* 14 M.R.S.A. § 8104-B(3) (immunity for negligent performance of discretionary functions); *Selby*, 2002 ME 80, ¶ 7, --- A.2d at --- ("An act qualifies as a discretionary function is the act is essential to the realization or accomplishment of a basic governmental policy program or objective . . . and requires the exercise of basic policy evaluation, judgment and expertise on the part of the governmental employee involved.") (citation, internal punctuation and emphasis deleted)).

The conduct of a governmental entity in "training and supervising personnel" is viewed as discretionary and thus subject to the protections of the MTCA. *Erskine v. Department of Corrections*, 682 A.2d 681, 686 (Me. 1996).

Further, any acts or omissions of the teachers themselves, while they were supervising Cebrina and the other students on October 31, can only be seen as discretionary. There is no evidence of a policy that converted the teacher's decisions on the playground into ministerial acts.[5] *See* note 2 *supra*. As part of their employment and professional responsibilities discharged while the students were waiting for the bus to

---

[4] The parties focused much of their analysis on the Law Court's holding in *Stretton v. City of Lewiston*, 588 A.2d 739 (Me. 1991). The court does not find that opinion to be particularly helpful here. In that case, the Law Court suggested that the defendant was immune from suit because the locus of the injury was unimproved land, which invokes an exclusion to the exception for immunity under section 8104-A(2)(A)(1). *Id.* at 741. That statutory provision is not implicated here.

[5] Even if there were competent evidence of such a policy, it would be unlikely to defeat the defendants' immunity claim. A governmental employee's "act does not lose its discretionary character merely because there are policy guidelines delineating how the discretion should be exercised." *Selby*, 2002 ME 80, ¶ 11, --- A.2d at ---.

arrive, the teachers had to make decisions that would allow the children to engage in some reasonable and constructive recreational activities. To the extent shown by this record, those decisions presumably would take into account the value and nature of those activities and the best interests of the children. This process of making and implementing decisions is inherently discretionary and judgmental. *See Kroger v. Davis*, 622 So.2d 303, 303 (Ala. 1993) (supervision of students during recess is a discretionary function). The teachers' conduct is therefore protected under the MTCA, and the defendants are not exposed to liability for any harm that may be occasioned by those decisions.

The entry shall be:

For the foregoing reasons, the defendants' motion for summary judgment is granted. Summary judgment is entered for the defendants. The defendants are awarded their costs of court.

Dated: June 3, 2002

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

Date Filed __7/20/2001__ ____PENOBSCOT____ Docket No. __,__ **CV-2001-136**
County

Action __PERSONAL INJURY__

ASSIGNED TO JUSTICE FRANCIS C. MARSANO          REASSIGNED TO JUSTICE HJELM
**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

     Justice Mead Recused

  CEBRINA FIANDACA, by and through her
  mother and next friend LORI PETERSON          CITY OF BANGOR

                                           vs. BANGOR SCHOOL DEPARTMENT **added 8/17/01**

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CUDDY & LANHAM<br>470 EVERGREEN WOODS<br>BANGOR ME 04401<br>BY: Mark K. McDonough, Esq.<br>    Steven T. Blackwell, Esq. | THOMPSON & BOWIE<br>P O BOX 4630 – Three Canal Plaza<br>PORTLAND ME 04112<br>BY: Paul C. Catsos, Esq. |

| Date of Entry | |
|---|---|
| 7/20/01 | Complaint filed. |
| 7/23/01 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 8/3/01 | Defendant City of Bangor's Answer and Affirmative Defenses to Plaintiff's Complaint filed. |
| 8/6/01 | Scheduling Order filed. Discovery deadline is May 1, 2002. (Marsano, J.) Copy forwarded to Attorneys of record. |
| 8/13/01 | Officer's Return of Service on Defendant, City of Bangor (s.d. 7/23/01 to Gail Campbell, City Clerk) |
| 8/15/01 | Notification of Discovery Service filed by Defendant, Defendant City of Bangor's Request for Production of Documents to Plaintiff and Defendant City of Bangor's Interrogatories to Plaintiff. |
| 8/15/01 | Motion for Leave to File First Amended Complaint filed. |
| 8/15/01 | First Amended Complaint filed. |
| 8/17/01 | Upon Plaintiff's Motion for Leave to File First Amended Complaint, Motion Granted. Complaint to be served in accordance with M.R. Civ.P. (Marsano, J. Copy forwarded to attorneys of record. |
| 8/22/01 | Jury trial fee of **$300.00** filed by Plaintiff. |
| 8/22/01 | Plaintiff's Demand for Jury Trial filed. |
| 8/27/01 | Defendants' Answer to Amended Complaint filed. |
| 10/4/01 | Pursuant to Administrative Order #JB-00-03, effective October 10, 2001, this case is re-assigned to Justice Mead. Copy forwarded to attorneys of record. |