STATE OF MAINE                          SUPERIOR COURT
Cumberland, ss.                         CIVIL ACTION
                                        DOCKET NO. CV-02-288

RICHARD E. ARNOLD,[1]

        Plaintiff

        v.                              ORDER ON DEFENDANT'S
                                        MOTION FOR SUMMARY JUDGMENT
TOWN OF CASCO,

        Defendant

                                                     2003

        This matter is before the court on the defendant's motion for

summary judgment. The plaintiff has not filed an opposition.

                           BACKGROUND

        The defendant owns the beach and adjacent swimming area known

as Casco Town Beach. Defendant's Statement of Material Facts (DSMF)

¶ 1. On August 1, 2001, the plaintiff was injured when he jumped from

a float moored at the town beach and cut his foot on a metal pipe on the

bottom of the lake. DSMF ¶¶ 2, 4. The defendant had been aware that

there were pipes in the area approximately ten to fifteen years prior to

the date the plaintiff was injured, and had arranged for the removal of

the pipes. DSMF ¶ 5.

        At the time the plaintiff was injured, the defendant was insured

under a policy of liability insurance issued by Northern Insurance

Company. DSMF ¶ 3. The policy contained a Commercial General

Liability Coverage Form which provided coverage for bodily injury for

---

[1] Katherine Arnold was originally named as a plaintiff, but the parties previously
stipulated to the dismissal of her clam in Count II for the loss of marital services.

1

which the insured was obligated to pay and to which the policy applied. DSMF ¶ 6. The policy also contained an express exclusion for bodily injury arising out of the ownership, maintenance, or use of lakes and any property located on a lake, or arising out of operations on lakes which are necessary, or incidental to the ownership, maintenance, or use of the lake. DSMF ¶¶ 7-9. This exclusion was in effect on the date that the plaintiff was injured. DSMF ¶ 10.

In his complaint, the plaintiff alleges that the defendant was negligent because it failed "to maintain a reasonably safe area for swimming and the use of said swimming float by the public" and failed "to warn the Plaintiff ... of the unsafe condition of the swimming area and the danger of jumping into the water from said swimming float." Complt. ¶¶ 8-9. The defendant responds that it is immune from liability by virtue of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, *et seq.* (MTCA).

## DISCUSSION

Summary judgment is appropriate when the MTCA shields the defendant from tort liability. *See Grossman v. Richards*, 1999 ME 9, ¶ 3, 722 A.2d 371, 373; 14 M.R.S.A. § 8104-A(2) (2003). The Act provides governmental entities with immunity from suit for any tort action for damages, subject only to statutorily created and narrowly construed exceptions. 14 M.R.S.A. § 8103(1) (2002); *Clockedile v. State Dept. of Transp.*, 437 A.2d 187, 189 (Me.1981) (*citing Cushing v. Cohen*, 420 A.2d 919, 923 (Me. 1980)). "Governmental entities" includes municipalities. 14 M.R.S.A. §§ 8102(2) & (3) (2003).

The MTCA provides an exception to governmental immunity for certain negligent acts or omissions relating to (1) the ownership; maintenance or use of vehicles, machinery or equipment; (2) the construction, operation, or maintenance of public buildings or their appurtenances; (3) the discharge of pollutants; and (4) road construction, or street cleaning or repair. 14 M.R.S.A. § 8104-A (2003). None of these exceptions apply to the plaintiff's claims arising out of a swimming accident at a lake.

The Act provides a further exception to immunity where the governmental entity maintains liability insurance. 14 M.R.S.A. § 8116 (2003). "If the insurance provides coverage in areas where the governmental entity is immune. the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage." *Id.* The governmental entity bears the burden of establishing that it does not have insurance coverage for any claim made against it. *Berard v. McKinnis,* 1997 ME 186, ¶ 12, 699 A.2d 1148, 1152 (citing *Danforth v. Gottardi,* 667 A.2d 847, 848 (Me. 1995); *Moore v. City of Lewiston,* 596 A. 2d 612, 615 (Me. 1991). However, the Law Court has repeatedly stressed that immunity is the rule and exceptions to immunity must be strictly construed. *Stretton v. City of Lewiston* 588 A.2d 739 (Me. 1991) (citing *Darling v. Augusta Mental Health Inst.,* 535 A.2d 421, 424 (Me. 1987); *Clockedile,* 437 A.2d at 189.

In the present action, the town concedes that it was insured on the date of the plaintiff's injury. In pertinent part, the policy provided that

3

> This insurance policy does not apply to bodily injury
> arising out of: (1) The ownership, maintenance, or use
> of the premises shown in the Exclusion Schedule
> above or any property located on these premises; and
> (2) Operations on those premises or elsewhere which
> are necessary or incidental to the ownership,
> maintenance or use of those premises....

The defendant argues that its policy does not cover the plaintiff's claims in this case because the policy's "Exclusion Schedule" includes "lakes" as a "premises" to which the policy does not apply.

The Law Court has held that "the interpretation of an unambiguous insurance contract is a question of law." *Coulombe v. Salvation Army*, 2002 ME 25, ¶ 17, 790 A.2d 593, 597 (citing *Mack v. Acadia Ins. Co.*, 1998 ME 91, ¶ 5, 709 A. 2d 1187,1188). Similarly, the Court has held that when a contract is unambiguous, the construction of contract language is a question of law. *Berard*, 1997 ME 186, ¶ 13, 699 A.2d at 1153. The court finds that the relevant policy language in this case is unambiguous and supports a conclusion that the policy does not cover risks associated with the lake where the plaintiff was injured.

This construction has a direct bearing on the plaintiff's claims that his injury arose out of his "use" of the lake and the swimming float, and that the defendant "failed to maintain" a reasonably safe swimming area, and failed to warn of the unsafe condition of the swimming area and the danger of jumping into the water from the swimming float. These claims are necessarily related to the ownership, maintenance or use of the lake, actions that are excluded from coverage under the policy.

In line with this construction, the court concludes that the defendant is not insured or self-insured for the claims asserted by the

plaintiff in this action. Accordingly, its immunity is not eroded or extinguished. *See* 14 M.R.S.A. § 8116 (2003); *City of Old Town v. Dimoulas*, 2002 ME 133, ¶ 25, 803 A.2d 1018, 1025.

Based upon the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Defendant's Motion for Summary Judgment is GRANTED;
Judgment is entered for Defendant on Plaintiff's Complaint.

Dated: September 9, 2003

Justice, Superior Court

RICHARD E ARNOLD - PLAINTIFF

Attorney for: RICHARD E ARNOLD
JOHN KELLY
KELLY REMMEL & ZIMMERMAN
53 EXCHANGE ST
PO BOX 597
PORTLAND ME 04112-0597


KATHERINE ARNOLD - PLAINTIFF

Attorney for: KATHERINE ARNOLD
JOHN KELLY
KELLY REMMEL & ZIMMERMAN
53 EXCHANGE ST
PO BOX 597
PORTLAND ME 04112-0597


vs
TOWN OF CASCO - DEFENDANT

Attorney for: TOWN OF CASCO
RONALD LUPTON
PIAMPIANO & GAVIN
707 SABLE OAKS DR
S PORTLAND ME 04106

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00288

**DOCKET RECORD**

Filing Document: COMPLAINT                          Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 06/17/2002

## Docket Events:

06/18/2002 FILING DOCUMENT - COMPLAINT FILED ON 06/17/2002

06/18/2002 Party(s):  RICHARD E ARNOLD
          ATTORNEY - RETAINED ENTERED ON 06/17/2002
          Plaintiff's Attorney: JOHN KELLY

06/18/2002 Party(s):  KATHERINE ARNOLD
          ATTORNEY - RETAINED ENTERED ON 06/17/2002
          Plaintiff's Attorney: JOHN KELLY

06/18/2002 Party(s):  RICHARD E ARNOLD,KATHERINE ARNOLD
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/17/2002

06/18/2002 Party(s):  RICHARD E ARNOLD,KATHERINE ARNOLD
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/04/2002
          UPON TOWN OF CASCO TO DAVID MORTON (TOWN CLERK)

06/18/2002 Party(s):  RICHARD E ARNOLD,KATHERINE ARNOLD
          JURY FILING - DEMAND FOR JURY TRIAL FILED ON 06/17/2002
          $300.00 PAID

06/20/2002 Party(s):  TOWN OF CASCO
          RESPONSIVE PLEADING - ANSWER FILED ON 06/12/2002